[Civ. No. 2042.  Fourth Appellate District.—October 15, 1937.]

ELTON C. GORMAN, etc., Petitioner, v. THE SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

C. Ray Robinson, James D. Garibaldi and Willard B. Treadwell for Petitioner.

Rae B. Carter for Respondents.

BARNARD, P. J.—This is an application for a writ of prohibition to restrain the respondents from taking further proceedings in an action growing out of a collision between two automobile trucks, on the ground that the Superior Court of Merced County first acquired jurisdiction through the service of process in another action arising from the same collision.

The collision occurred on March 27, 1937, on U. S. Highway No. 99 at a point about eight miles south of Merced, one of the trucks being driven by this petitioner. An action was filed on April 3, 1937, in the Superior Court of Merced County by the petitioner and a corporation alleged to be the owner of that truck as plaintiffs, in which Daigh and Stewart, as owners of the other truck, were joined as defendants with the driver of that truck and the driver and owner of a Ford coupe which was also involved in the accident. The first service of summons in that action was made on the driver of the Ford coupe at 10 o'clock A. M. on April 5, 1937. On April 5, 1937, Daigh and Stewart filed an action in the Superior Court of Fresno County for damages growing out of this collision, naming as defendants the petitioner herein, the driver of the Ford coupe mentioned in the other action, the driver of a Pontiac car which was alleged to have been involved in the collision, and five persons alleged to have been doing business as partners, who are alleged to have been the owners of the truck driven by this petitioner. The five persons last referred to and this petitioner resided in Fresno. Summons in that action was served upon this petitioner about 3 o'clock P. M. on April 5, 1937. On May 14, 1937, Daigh and Stewart filed a demurrer to the complaint in the action filed in Merced County. The driver of the Ford coupe answered in that action and all defendants therein had been served when the petition herein was filed. On April 22, 1937, this petitioner filed in the Superior Court of Fresno County notice of a motion for an order staying proceedings in that action. After a hearing this motion was denied by the respondent judge and this proceeding followed.

In their answer the respondents admit that summons in the Merced County action was served on one defendant about 10

o'clock A. M. on April 5, 1937, and that summons was served on one defendant in the Fresno County action about 3 P. M. on that day. No contention is made that any earlier service was had in the latter action. It is also admitted that the respondents intend to proceed with that action unless restrained from so doing. ■ It is respondents' contention that some of the parties reside in Fresno, that the parties to the two actions are not the same, that neither the right of counterclaim nor cross-complaint exists since there is neither mutuality of parties nor mutuality of claims, and that if this writ issues Daigh and Stewart, the plaintiffs in the Fresno County action, would be unable to litigate their claims in one action.

Both parties to this proceeding rely on the case of *De Brincat* v. *Mogan,* 1 Cal. App. (2d) 7 [36 Pac. (2d) 245]. The petitioner cites this case for its holding that in actions of this character the court in which process is first served has jurisdiction over the entire matter with full power to require all parties necessary to a complete adjudication of the controversy to come into that court. The respondents do not here question this rule but rely on the latter part of the opinion in that case, which reads as follows:

"But it does not follow from this that the writ of mandate should issue. This writ is ordinarily one of discretion and does not issue as a matter of absolute right when not necessary to prevent an injustice to the parties. (Citing cases.) Here the showing is that both parties reside in San Francisco; that but four days elapsed between the service of process in both cases, and no proceedings detrimental to the petitioner have been taken in either case; and that the entire controversy may be determined in the San Francisco court without prejudice to either side. Hence, though the court in San Mateo County had full power to assume jurisdiction over the whole controversy, we cannot say that, under the circumstances here shown, it abused its discretion in refusing to do so. Conversely, until full jurisdiction was assumed by the San Mateo court, the San Francisco court had jurisdiction to proceed with the trial."

It is argued that this case is controlling, and that petitioner is not entitled to this writ since he could cross-complain in the other action and receive complete justice there while the issuance of the writ would work a grave injustice to the plain-

tiffs in the Fresno County action since they could not file a cross-complaint in the Merced case. The respondents overlook a marked distinction between the facts of the case referred to and those with which we are now concerned. In that case the Superior Court of San Mateo County had made an order staying the proceedings therein which, in effect, was a refusal to exercise its jurisdiction. It was held that under the circumstances that court had not abused its discretion and that since the San Francisco superior court also had jurisdiction it could proceed in the matter. In the instant case the Superior Court of Merced County has not refused to act and it is admitted that the Superior Court of Fresno County will proceed unless restrained. We have here a case where two courts have assumed jurisdiction and each intends to proceed to hear and determine all such phases of the controversy arising out of one accident as may be presented to them by the various parties thereto. A number of parties to each action are identical and most of the material facts must be the same in both actions. If both actions are allowed to proceed to trial and he files a cross-complaint in the other action, as suggested by respondents, the petitioner will be subjected to two trials over one controversy which may result in his being found negligent and liable for all of the damage accruing from the accident in one court and found free from negligence and entitled to recover his own loss in the other. A similar result might obtain as to some of the other parties. A mere statement of the situation is sufficient to demonstrate that the entire matter should be heard and determined in one court and to indicate that the issuance of this writ is necessary to prevent an injustice to some of the parties, including the petitioner.

The next question is whether the granting of the relief asked for would work an injustice on the plaintiffs in the Fresno County action, and prevent them from litigating their claims against any parties not named in the Merced case. The respondents argue that since there is neither a mutuality of parties nor of claims these plaintiffs could neither counterclaim nor cross-complain in the Merced action and would be denied an opportunity to litigate their claims if not permitted to proceed with the Fresno County action. They rely on *Glide* v. *Kayser*, 142 Cal. 419 [76 Pac. 50], where it was held that the word *"transaction"*, as used in sections 438 and 442

of the Code of Civil Procedure, is not intended to include a case where the counterclaim or cross-complaint has no connection with the relief asked for by the plaintiff, but is of an entirely different nature. The facts of that case disclose its inapplicability here. It is now well settled that where separate causes of action, whether for personal injuries or for property damage, arise out of an automobile collision the accident may be said to be the "transaction" out of which the causes arise within the meaning of sections 438 and 442 of the Code of Civil Procedure. (*Todhunter* v. *Smith*, 219 Cal. 690 [28 Pac. (2d) 916]; *Morris* v. *Warner*, 207 Cal. 498 [279 Pac. 152]; *Engleman* v. *Superior Court*, 105 Cal. App. 754 [288 Pac. 723].) The plaintiffs in the Fresno County action have a right to set up in the other action any counterclaim they may have, where the necessary mutuality exists, and to litigate any other claims they have by filing a cross-complaint and bringing in any necessary parties. To require them to do this will work no injustice to them while to permit them to proceed in an independent action will lead to unnecessary duplication and confusion, with resulting injustice to some of the parties.

It seems clear that the entire controversy arising from this accident should be determined in one trial and one tribunal, and we think the established rules favor rather than prevent such a result. ▮ The Superior Court of Merced County not only had concurrent jurisdiction but acquired jurisdiction over the whole litigation with full power to bring in all necessary parties and make a complete adjudication of the entire controversy through the fact that process of that court was first served. (*De Brincat* v. *Mogan, supra.*) In that case the court said:

"By the terms of section 416 of the Code of Civil Procedure a court is deemed to have acquired jurisdiction of the parties from the time of the service of summons and a copy of the complaint and thereafter has 'control of all the subsequent proceedings'. The jurisdiction thus acquired relates back to the filing of the complaint. (*Gardiner* v. *Royer*, 167 Cal. 238, 244 [139 Pac. 75].) . . .

"Throughout the decisions we find the expression that 'the court which first acquires jurisdiction, . . . retains its jurisdiction and may dispose of the whole controversy'. (15 C. J., p. 1134, and cases cited in note 58; 7 R. C. L., p. 1067.) In

*United States* v. *Lee*, 84 Fed. 626, Judge Wellborn has made an exhaustive review of the authorities involving actions *in personam* and concludes that 'the unbroken current of authorities is to the effect that priority of jurisdiction is determined by the date of the service of process' (see p. 631, and cases cited).

''Our conclusion is therefore that in actions of this character the court in which process is first served has jurisdiction over the whole litigation and has full power to require the parties to come into that court for a complete adjudication of the controversy.''

The conclusion thus reached is supported both by reason and authority and, in our opinion, is both applicable and controlling under the circumstances here appearing.

Full jurisdiction over this matter having been assumed by the Superior Court of Merced County and it being admitted that the respondents propose to proceed in the other action, the issuance of the writ applied for is necessary both to prevent the injustice of requiring parties to go through two trials and to secure an orderly administration of justice.

Let the peremptory writ issue as prayed for.

Marks, J., and Jennings, J., concurred.