[Civ. No. 4216.   Fourth Dist.   Aug. 8, 1950.]

M. H. GOLDEN CONSTRUCTION COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF IMPERIAL COUNTY et al., Respondents.

[Civ. No. 4220.   Fourth Dist.   Aug. 8, 1950.]

EL CENTRO PROPERTIES, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

H. G. Sloane for Petitioner in Civ. No. 4216.

Horton & Knox, Martin & Mahedy, Sanner, Fleming & Irwin and Thomas J. Madden for Petitioner in Civ. No. 4220.

Horton & Knox, Martin & Mahedy, Sanner, Fleming & Irwin and Thomas J. Madden for Respondents in Civ. No. 4216.

H. G. Sloane for Respondents in Civ. No. 4220.

MUSSELL, J.—On April 17, 1950, Golden Construction Company, as plaintiff, filed an action in San Diego County in which a money judgment and declaratory relief was sought against El Centro Properties, Inc. Summons was issued and served on the defendant corporation on the following day. El Centro Properties, Inc., appeared in the action, filed a demurrer and various motions. The demurrer was overruled, the motions were denied and the defendant then filed an answer and cross-complaint. After an answer was filed to the cross-complaint, the matter was set for trial before a jury in the Superior Court of San Diego County.

On March 20, 1950, an action was filed in the county of Imperial by certain stockholders of El Centro Properties, Inc., against the Golden Construction Company in which the plaintiffs alleged that the corporation had failed to take court action for the protection of itself and its stockholders and that such action was filed as a derivative action in behalf of the cor-

poration. The summons was issued at the time the action was filed but was not served on the defendant, Golden Construction Company, until April 21, 1950, three days after the service of the summons in the San Diego action.

On May 5, 1950, the Superior Court in Imperial County appointed a receiver, who took charge of certain real property in that county belonging to the El Centro Properties corporation.

On May 20, 1950, plaintiff in the Imperial County action filed a third amended complaint to which the defendants interposed their demurrer, setting up therein the pendency of another action between the said parties for the same cause, namely: the action then pending in San Diego County. At the same time the Golden Construction Company filed notice of motion to abate the proceedings in Imperial County and to discharge the receiver. Defendants' demurrer was overruled and the motion to abate the proceedings and to discharge the receiver was denied.

The Golden Construction Company then on June 27, 1950, filed its petition herein for a writ to prohibit the Superior Court in Imperial County from taking any further proceedings in the action in that county. El Centro Properties on July 10, 1950, filed its petition herein to restrain the Superior Court in San Diego from taking any further proceedings in the action therein pending.

The primary question for our determination is whether the Superior Court in San Diego has jurisdiction to proceed with the action filed in that county. Jurisdiction is ordinarily determined by the nature of the case as made by the complainant and the relief sought. (*Ransome-Crummey Co.* v. *Martenstein,* 167 Cal. 406, 408 [139 P. 1060].) The nature of the action is fixed by the allegations of the complaint. (*Becker* v. *Superior Court,* 151 Cal. 313, 317 [90 P. 689].)

The action in San Diego County is primarily one to recover moneys alleged to be due plaintiff on a building contract providing for the construction by plaintiff of houses, sewers, roads, curbs and paving on property owned by the defendant corporation in El Centro. In a second cause of action, an account stated was set forth and it was further alleged, among other things, that in order to induce plaintiff not to take action against the defendant and not to record claims of lien on defendant's property, all the directors and stockholders of

the defendant corporation agreed to place the control of the corporation in plaintiff; that this was done in order that there might be no dispute or delay in using defendant's assets in discharge of its obligations to plaintiff; that a proxy agreement was executed by all of defendant's shareholders, pursuant to which three nominees of Golden Construction Company were elected to defendant's board of directors; that in subsequent meetings of the new board, actions were taken to liquidate the indebtedness, including a resolution of March 20, 1950, to sell sufficient of the assets of defendant corporation as might be required to discharge the indebtedness to plaintiff; that at this meeting a resolution was adopted amending the articles of incorporation so as to state that the principal office for the transaction of the business of the corporation is located in San Diego County; that on March 29, 1950, the minority directors of defendant corporation delivered to plaintiff a purported revocation of the proxy agreement; that stockholders in defendant corporation then attempted to elect a new board and to conduct the business of defendant corporation; that the confusion resulting from this conflict of asserted authority makes it impossible for either set of officers to conduct the business of the corporation.

In its prayer for relief, plaintiff seeks a declaration of its rights under the proxy agreement, a money judgment, and confirmation of the authority of the directors to sell the corporate assets of defendant corporation to satisfy the indebtedness due the plaintiff.

It is apparent that the action is transitory in character. It is predicated on contract and a money judgment is sought. The action does not turn on the title to the property as distinct from the personal obligation. The plaintiff, as required, framed its complaint to show it was entitled to retain the trial of the action in the county in which it was commenced. (*Neet v. Holmes,* 19 Cal.2d 605, 610-614 [122 P.2d 557].)

The verified complaint contains an allegation that the principal office of the defendant, El Centro Properties, Inc., is located in San Diego County, California, and that the contract upon which the action was brought was made and entered into at San Diego.

Under article XII, section 16, of the California Constitution, a corporation may be sued in the county where the contract is made . . . or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases.

We conclude that sufficient jurisdictional facts were pleaded in the complaint.

The action in Imperial County was brought by stockholders of the El Centro Properties, Inc., in behalf of the corporation and is an action for damages, an accounting, and for the appointment of a receiver of the corporation properties in El Centro. The damages claimed are alleged to have been occasioned by the failure of the Golden Construction Company to properly carry out the terms and conditions of the building contract, which is the subject of the suit in San Diego.

The complaint alleges, among other things, that the stockholders of El Centro Properties, by agreement, permitted the Golden Construction Company to gain control of the board of directors of the corporation by electing three directors thereon, and in this connection it is alleged that this action was taken in order to protect the defendant and was in lieu of giving security for an indefinite amount of the indebtedness owed to the Golden Construction Company. A part of the indebtedness was admitted. An accounting was sought, as well as the appointment of a receiver to take charge of the properties in El Centro owned by the El Centro Properties, Inc.

Section 416 of the Code of Civil Procedure provides in part as follows:

"[When the court acquires jurisdiction] From the time of the service of the summons and a copy of the complaint in a civil action, or of the completion of the publication when service by publication is ordered, the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings . . .."

The summons in the San Diego action having been served prior to that issued in Imperial County, the San Diego court first acquired jurisdiction of the controversy involved in the two actions before us and may dispose of the whole thereof. (*DeBrincat* v. *Mogan*, 1 Cal.App.2d 7, 10 [36 P.2d 245]; *Gorman* v. *Superior Court*, 23 Cal.App.2d 173, 177 [72 P.2d 774].)

The rule is that where two tribunals have concurrent jurisdiction over the same parties and subject matter, the tribunal in which jurisdiction first attaches is entitled to retain it exclusively, and prohibition lies to restrain the other tribunal from taking any further proceedings pending the complete

exercise thereof. (*Myers* v. *Superior Court,* 75 Cal.App.2d 925, 929 [172 P.2d 84].)

The contention is made that since the plaintiff in the San Diego action seeks a declaration of its rights under the proxy agreement and argues that the makers of the proxy, not having been joined as defendants, the San Diego court was thereby deprived of jurisdiction to proceed. However, the Superior Court of San Diego County has jurisdiction to bring in all necessary parties. (*Myers* v. *Superior Court, supra,* 931.)

We are not here deciding on the effect of motions for change of venue which have been or may hereafter be made to change the place of trial of the actions herein. This decision is confined to the question of jurisdiction as presented by the petitions before us.

Let the peremptory writ issue as prayed for in the petition of plaintiff Golden Construction Company, a corporation. The alternative writ issued on the petition of El Centro Properties, Inc., is discharged.

Barnard, P. J., concurred.

A petition for a rehearing was denied September 5, 1950, and petitioners' application for a hearing by the Supreme Court was denied September 25, 1950.