[Civ. No. 17620. Second Dist., Div. One. Dec. 21, 1950.]

MOUSHEK CHAKMAKJIAN, Respondent, v. JENNIE LOWE, Appellant.

Stanton & Stanton and Louis B. Stanton for Appellant.

Herlihy & Herlihy and Joseph W. Pierce for Respondent.

DORAN, J.—The present appeal is from a special order made after a judgment in favor of plaintiff, an injured employee, denying the employer's motion to satisfy the judgment. The basis of such motion was that the uninsured employer (appellant) had fully paid to the employee the amount of an award by the Industrial Accident Commission which was in excess of the judgment for damages rendered by the superior court. Appellant contends that "By the use of the two concurrent remedies, the employee seeks to obtain for the one injury a double recovery."

The accident in question occurred November 10, 1945 during plaintiff's employment. The present action was filed December 6, 1945, under provisions of sections 3706, 3707 of the Labor Code, permitting such an action against an uninsured employer. On July 22, 1946, judgment was entered for the respondent employee in the sum of $2,250 and $112.50 costs. On appeal, this judgment was affirmed by the Supreme Court in 33 Cal.2d 308.

After filing the action for damages in superior court, respondent employee on May 9, 1946 filed a claim before the Industrial Accident Commission, but requested that no hearing thereon be had until the superior court action was determined. On June 5, 1947 the Industrial Accident Commission awarded the employee $2,890 and $350 attorney fee. The finding and award recite that "The applicant has received $2,250.00 plus costs of $112.20 in a parallel negligence action against the uninsured employer herein, which matter is pending on appeal." It was further found that "The defendant (appellant herein) was wilfully uninsured." This award was paid by appellant and formed the basis for the motion to satisfy the judgment for damages which was denied by the trial court in the order now appealed from.

Appellant cites section 21 of article XX of the California Constitution authorizing enactment of a Workmen's Compensation Act, which section, it is said, "denounces double recoveries for injuries suffered"; this language, however, is that of appellant and is not used in said section. Also referred to is section 3709 of the Labor Code which provides that where a judgment is obtained against the employer in excess of the compensation award, payment of the award may be credited on the judgment. Such, however, is not the situation here for the award was in excess of the judgment obtained in superior court. The section makes no provision for credit in such a case. It is to be noted that appellant does not question "the right of the employee to take the concurrent remedies," and "No question is raised as to the validity of the award of the Commission or of the Court as separately considered."

It is appellant's contention that an equitable interpretation of section 3709 of the Labor Code should be adopted in order to prevent what appellant terms a "double recovery." It is also asserted that relief should be granted "on the ground of extrinsic fraud" in "obtaining the judgment with resultant injury to defendant."

Answering these contentions respondent's brief points out that section 21 of article XX of the Constitution, cited by appellant, "contains no express provision to the effect that an uninsured employer shall not be subjected to the payment of both an award of the Industrial Accident Commission and a judgment for damages . . . and no language from which any such limitation on the power of the Legislature can reasonably be inferred." Moreover, attention is called to the fact that section 3706 of the Labor Code provides that "in addition" to an award of compensation, an injured employee "may bring an action against such (uninsured) employer for damages as if this division did not apply."

It is further pointed out that the only provision showing any relation between the decisions arrived at in pursuing the two authorized remedies is that found in section 3709 hereinbefore referred to. This sole provision reads as follows: "If, as a result of such action for damages, a judgment is obtained against the employer in excess of the compensation awarded under this division, the compensation awarded by the Commission, if paid or security is given . . . shall be credited upon such judgment."

In the case of *Chakmakjian* v. *Lowe*, 33 Cal.2d 308 [201 P.2d 801], which affirmed the judgment against the appellant herein, the Supreme Court refused to consider "the merit of defendant's objection to the successive awards as embracing a 'double recovery' ", since "such question manifestly was not before the trial court in its initial disposition of plaintiff's authorized damage action." On that appeal defendant was contesting "the validity of the judgment, not the premise of its enforcement in the admeasurement of plaintiff's total relief." However, in reference to the two remedies available against an uninsured employer, the reviewing court there said: "Under section 3706 of the Labor Code, the injured employee may bring an action for damages in any case where his employer failed to carry compensation insurance, and this right may be exercised independently of any proceedings before the Industrial Accident Commission."

 The substance of appellant's claim is that by judicial interpretation or by reason of equitable considerations, a further provision should be read into section 3709 making it a duty of the trial court to satisfy an employee's judgment for damages against an uninsured employer, where the employee has received payment of a larger award by the Industrial Accident Commission.

Unfortunately for appellant's contention, courts have neither express nor implied power to indulge in such judicial legislation. It must be assumed that the enacting body had fully considered the situation and that the resulting statute represents the law as the Legislature wished it to be. If changes are to be made in the statutory law as it stands, or additional provisions are deemed necessary, obviously such alterations fall within the jurisdiction of the legislative body. Any other disposition could but result in a complete destruction of the separate functions of the three divisions of government.

The essential differences between an action in the courts for damages resulting from negligence, and the statutory proceeding to secure an award of compensation by the Industrial Accident Commission, are too well known to require discussion. Actually, except as expressly provided by statute, there is no relation between the two remedies. And in the present action, by becoming an "uninsured" employer, appellant became subject to both remedies.

The fact that both proceedings arose out of the same accident affords no support to appellant's insistence that there has

been an inequitable "double recovery." The appellant was afforded the requisite day in court and due process at each hearing. The record here presented discloses no fraud, extrinsic or otherwise. As set forth in its findings, the Industrial Accident Commission at the time of making the award had before it the information that respondent had already obtained a judgment for damages against appellant in the superior court. That judgment was affirmed by the Supreme Court.

It is well known that the underlying theories of the two proceedings are entirely different. In no sense was the award of the Industrial Accident Commission a judgment for damages; the proceeding itself cannot be considered a negligence action. And if any change in the statutory law is to be made for the relief of cases similar to that urged by appellant, such amendment must of necessity come from the law making body and cannot be effected by judicial construction.

The order appealed from is affirmed.

White, P. J., and Drapeau, J., concurred.