[L. A. No. 23815. In Bank. Feb. 3, 1956.]

ARTHUR PAUL SCOTT, a Minor, etc., Petitioner, v. IN-
DUSTRIAL ACCIDENT COMMISSION, Respondent;
PACIFIC COAST BORAX COMPANY et al., Real
Parties in Interest.

Hindman & Davis and E. Eugene Davis for Petitioner.

Everett A. Corten and Daniel C. Murphy for Respondent.

Donald Gallagher and T. Groezinger for Real Parties in Interest.

Dryden, Harrington, Horgan & Swartz and Jacob Swartz as Amici Curiae on behalf of Respondent and Real Parties in Interest.

THE COURT.—Petitioner (sometimes herein called plaintiff) seeks by mandamus or prohibition to halt proceedings in a matter pending before respondent Industrial Accident Commission, until a final judgment shall have been reached in a superior court action in which recovery of damages is sought for the same personal injuries as are involved in the Industrial Accident Commission matter. Defendant in the superior court action claims, and plaintiff disputes, that the injuries were suffered while plaintiff was acting as defendant's employe. We have concluded that a stay of the commission proceedings should be ordered.

Petitioner alleges that he is a minor, 19 years of age, and that on August 15, 1952, while on the premises of Pacific Coast Borax Company as an invitee, he suffered personal injuries through the negligence of such company. On December 23, 1953, through a guardian ad litem, he filed an action against the company in the superior court in Los Angeles, seeking recovery for his injuries. The company as defendant filed its answer. On October 19, 1954, pursuant to leave of court, defendant filed an amended answer, pleading as a fifth affirmative defense, "That the court herein has no jurisdiction of the action herein, the exclusive jurisdiction for injuries claimed by plaintiff being before the Industrial Accident Commission of the State of California." On October 27, 1954, the cause was set for trial for February 1, 1955.

On November 19, 1954, pursuant to plaintiff's motion to strike, the court struck the above quoted fifth affirmative defense from defendant's amended answer. The issue of jurisdiction of the commission remained in the case, however, by reason of other allegations of the answer.

On November 23, 1954, defendant in the superior court action and State Compensation Insurance Fund as its workmen's compensation insurance carrier filed with the Industrial Accident Commission an application for adjustment of claim[1] arising out of the same personal injuries as those

---

[1]It should be noted that petitioner does not challenge the right of the company, as the claimed employer, to initiate the proceedings before the commission. (See *Giacalone* v. *Industrial Acc. Com.* (1953), 120 Cal. App.2d 727, 730-733 [262 P.2d 79].)

alleged by plaintiff in the superior court action, and at the same time requested a hearing thereon at the earliest possible date. This was the first proceeding filed with the commission in connection with the injuries, although it appears that immediately after petitioner was injured State Compensation Insurance Fund started paying his medical and compensation benefits under the Workmen's Compensation Law of this state. These benefits, by December 23, 1953, the date petitioner filed the superior court action, totaled approximately $1,400 for compensation payments, in addition to the medical and hospital care.

On January 7, 1955, over petitioner's request for a stay of proceedings by reason of pendency of the superior court action, a hearing was held before a referee of the Industrial Accident Commission, testimony was taken, and the matter was continued for further hearing to March 8, 1955.

On January 24, 1955, defendant in the superior court action moved for continuance of the trial therein, on the ground that ''one of the main issues of the case is now being tried before the Industrial Accident Commission.'' The motion was denied. On February 1, 1955, defendant's second motion for a continuance was likewise denied and the superior court action proceeded to trial on the same day. Following the close of the evidence defendant moved for a directed verdict on the ground that the evidence showed as a matter of law that plaintiff had been injured in the course of his employment by defendant and that the Industrial Accident Commission had exclusive jurisdiction of the controversy. The motion was denied; the cause was submitted to the jury; the jury failed to agree and on February 14, 1955, was discharged. Defendant thereafter moved for entry of judgment in its favor under the provisions of section 630 of the Code of Civil Procedure, on the same ground as it had moved for a directed verdict; the motion was denied on March 4, 1955; and the matter was set for retrial for June 14, 1955.

Following conclusion of the superior court trial in which the jury was discharged on February 14, 1955, petitioner again moved the Industrial Accident Commission to stay the proceedings before it and to continue the hearing set for March 8, 1955, but on February 24, 1955, his motion was denied by the referee who heard it. On March 8, 1955, petitioner filed this present stay proceeding with the District Court of Appeal. That court on March 24, 1955, issued its alternative writ of prohibition staying proceedings before the

commission, and on May 16, 1955, filed its opinion ordering the issuance of a writ of mandamus. We granted a hearing and transferred the cause for further study of the problems involved. It appears that in the meantime a second superior court trial has been had and on June 27, 1955, judgment of nonsuit was rendered against plaintiff; on July 5, 1955, plaintiff filed notice of appeal, and the appeal is now pending in the District Court of Appeal, Second Appellate District.

The question thus presented is whether the Industrial Accident Commission may, and should, be required to suspend the exercise of its jurisdiction in the proceeding before it because of the pendency of the action in the superior court or on appeal therefrom. The issue is not one of simultaneous exercise of general concurrent jurisdiction; it is, rather, the right of proceeding simultaneously in two tribunals, the jurisdiction of each of which is essentially exclusive of the other, but each of which has the power to make a determination of jurisdiction which, when final, will be conclusive upon the other.

■ General principles applicable to controversies in which the same parties and the same subject matter are involved are these: When two or more tribunals in this state have concurrent jurisdiction, the tribunal first assuming jurisdiction retains it to the exclusion of all other tribunals in which the action might have been initiated. ■ Thereafter another tribunal, although it might originally have taken jurisdiction, may be restrained by prohibition if it attempts to proceed. (*Greene* v. *Superior Court* (1951), 37 Cal.2d 307, 310-311 [231 P.2d 821]; *Browne* v. *Superior Court* (1940), 16 Cal.2d 593, 597, 602 [107 P.2d 1, 131 A.L.R. 276]; *Slinack* v. *Superior Court* (1932), 216 Cal. 99, 105, 107 [13 P.2d 670]; *Lee* v. *Superior Court* (1923), 191 Cal. 46, 53 [214 P. 972]; *M. H. Golden Const. Co.* v. *Superior Court* (1950), 98 Cal.App.2d 811 [221 P.2d 218]; *Myers* v. *Superior Court* (1946), 75 Cal.App.2d 925, 929-930 [172 P.2d 84]; *Milani* v. *Superior Court* (1943), 61 Cal.App.2d 463, 469 [143 P.2d 402, 935]; *Kilcoff* v. *Superior Court* (1942), 50 Cal.App.2d 503, 507 [123 P.2d 540]; *Wright* v. *Superior Court* (1941), 43 Cal.App.2d 181, 183-184 [110 P.2d 529]; *Gorman* v. *Superior Court* (1937), 23 Cal.App.2d 173, 178 [72 P.2d 774].) One reason for the rule is to avoid unseemly conflict between courts that might arise if they were free to make contradictory decisions or awards at the same time or relating to the same controversy; another reason is to pro-

tect litigants from the expense and harassment of multiple litigation. (*Greene* v. *Superior Court* (1951), *supra,* 37 Cal.2d 307, 311, 312; *Simmons* v. *Superior Court* (1950), 96 Cal.App.2d 119, 130 [214 P.2d 844, 19 A.L.R.2d 288]; *Gorman* v. *Superior Court* (1937), *supra,* 23 Cal.App.2d 173, 178.)

In opposition to the granting of the writ respondent Industrial Accident Commission points out, however, that the rules laid down in the cases are stated to apply, and have been applied, in situations in which the first tribunal which exercised jurisdiction has such jurisdiction over the *same parties* and *subject matter,* could bring in any necessary new parties, and could do complete justice, dispose of the *whole* of the controversy, and afford all the relief sought. (See, e.g., *Greene* v. *Superior Court* (1951), *supra,* 37 Cal.2d 307, 312 [child custody, guardianship]; *Brown* v. *Superior Court* (1940), *supra,* 16 Cal.2d 593, concurring opinion p. 602 [guardianship of incompetent]; *Slinack* v. *Superior Court* (1932), *supra,* 216 Cal. 99, 106 [partition of personal property, appointment of receiver]; *M. H. Golden Const. Co.* v. *Superior Court* (1950), *supra,* 98 Cal.App.2d 811, 815-816 [accounting, contract, money judgment]; *Simmons* v. *Superior Court* (1950), *supra,* 96 Cal.App.2d 119, 131 [divorce, property rights]; *Myers* v. *Superior Court* (1946), *supra* 75 Cal.App.2d 925, 929 [rights in property, under purchase and sale contract]; *Rilcoff* v. *Superior Court* (1942), *supra,* 50 Cal.App.2d 503, 505 [divorce, separate maintenance]; *Wright* v. *Superior Court* (1941), *supra,* 43 Cal.App.2d 181, 183 [partnership dissolution]; *Gorman* v. *Superior Court* (1937), *supra,* 23 Cal.App.2d 173, 177 [automobile collision damages]; see also *Reilly* v. *Police Court* (1924), 194 Cal. 375, 378 [228 P. 860]; *DeBrincat* v. *Mogan* (1934), 1 Cal. App.2d 7, 10 [36 P.2d 245]; 13 Cal.Jur.2d 607-613; 21 C.J.S. 751-755; 14 Am.Jur. 437-440.) The same general principles appear to prevail where defendant enters a plea in abatement, by either demurrer or answer, on the ground that a prior action is pending between the same parties for the same cause. (See Code Civ. Proc., §§ 430, 597; 1 Cal.Jur.2d 45-59.)

■ In the present situation, however, as already indicated, the two tribunals involved—the superior court on the one hand and the commission on the other—do *not* have concurrent jurisdiction over the whole of the controversy, and one of them will be without jurisdiction to grant any relief whatsoever, depending upon whether or not the injuries were

suffered within the course and scope of an employment relationship and so covered by the workmen's compensation laws.

■ In other words, as already indicated, the only point of concurrent jurisdiction of the two tribunals appears to be *jurisdiction to determine jurisdiction*; jurisdiction once determined will be exclusive, not concurrent. (See *Abelleira* v. *District Court of Appeal* (1941), 17 Cal.2d 280, 302-305 [109 P.2d 942, 132 A.L.R. 715]; *Palermo L. & W. Co.* v. *Railroad Com.* (1916), 173 Cal. 380, 385 [160 P. 228].)

■ If at the time of the accident there was no workmen's compensation coverage, then the commission is without jurisdiction to grant relief, and if there was such coverage then the superior court is without jurisdiction and must leave the parties to pursue their remedies before the commission. (See *Duprey* v. *Shane* (1952), 39 Cal.2d 781, 789-790 [249 P.2d 8]; *Edwards* v. *Hollywood Canteen* (1946), 27 Cal.2d 802, 805 [167 P.2d 729]; *Baugh* v. *Rogers* (1944), 24 Cal.2d 200, 213-214 [148 P.2d 633, 152 A.L.R. 1043]; *Robbins* v. *Yellow Cab Co.* (1948), 85 Cal.App.2d 811 [193 P.2d 956].)

■ It is elementary that the type and extent of relief which can be granted and the factors by which such relief is determined differ materially between the two tribunals; the superior court cannot award workmen's compensation benefits, and the commission cannot award damages for injuries.

■ The determinations of the commission, like those of the superior court, are res judicata in all subsequent proceedings, including court actions, between the same parties or those privy to them. (See Lab. Code, § 5302; *French* v. *Rishell* (1953), 40 Cal.2d 477 [254 P.2d 26]; *Duprey* v. *Shane* (1952), *supra*, 39 Cal.2d 781, 790; *Goodman Bros.* v. *Superior Court* (1942), 51 Cal.App.2d 297, 301-304 [124 P.2d 644].) ■ Thus, if there is a final determination as to the matter of coverage (i.e., of jurisdiction) in either the commission or the superior court proceedings, such determination will be res judicata in subsequent proceedings before the other tribunal between the same parties or those privy to them. Petitioner's contention is that since the issue was first presented to the superior court and that court had assumed and was exercising jurisdiction, which attaches upon the service of process or the voluntary appearance of the person sued (Code Civ. Proc., § 416; see 13 Cal.Jur.2d 608-609, and cases there cited), the commission proceedings should be stayed until a final determination of the juris-

dictional question in the superior court action. If in that action it is finally found that there was no coverage then, since the determination will be binding upon the commission, the commission proceedings would perforce terminate. But if coverage is found, then commission proceedings would continue.

Other practical problems, and differences between this situation and that of completely concurrent jurisdiction in two different tribunals, are said to be these:

■ 1. In a jury trial of the superior court action, it appears that a special interrogatory on the question of coverage would (at least in the absence of special circumstances) be necessary in order to disclose what was determined on that point, in case of a verdict for defendant. Without such a special interrogatory it could not be ascertained whether the verdict turned on one of the other pleaded defenses of absence of defendant's negligence, unavoidable accident, or contributory negligence of plaintiff, rather than on the issue of the employment relationship. This, however, it is answered, is a mere incident of procedure which can be handled in the trial court.

■ 2. By the provisions of section 21 of article XX of the California Constitution the Legislature is "expressly vested with plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workmen's compensation, by appropriate legislation . . . [including] full provisions for vesting . . . jurisdiction in an administrative body . . . to the end that the administration of such legislation shall accomplish substantial justice *in all cases expeditiously, inexpensively, and without incumbrance of any character*; all of which matters are expressly declared to be the social public policy of this State, binding upon all departments of the State government." (Italics added.) Section 21 of article XX, California Constitution, further provides that "all decisions of any such tribunal shall be subject to review by the appellate courts of this State." As to proceedings before such tribunal the Legislature has provided, in section 5502 of the Labor Code, that "The hearing, unless otherwise agreed to by all of the parties thereto, shall be held not less than ten days nor more than thirty days after the filing of the application." And sections 5313 and 5800.5 by their terms make mandatory a decision by the commission within 30 days after submission of the application. To stay the commission's proceedings,

as here sought, it is urged would thus appear to defeat the intent and the letter of the Constitution and the statutes governing workmen's compensation proceedings. The Constitution and laws of this state, however, still vest the superior court with jurisdiction to proceed in actions for personal injuries and, generally at least, to determine the facts upon which its jurisdiction may depend.

3. In view of the provisions of section 3755 of the Labor Code, permitting substitution of the employer's compensation insurance carrier in lieu of the employer, and dismissal of the employer, in proceedings before the commission, it appears that the parties may differ in the commission proceedings from those in the superior court action. This is true, but it is merely another phase of the already recognized concept that the jurisdictions of the Industrial Accident Commission and of the superior court are exclusive, not concurrent, in every respect save as to the power to determine jurisdiction.

4. By the penalty provisions found in section 5814 of the Labor Code, "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the . . . award shall be increased by 10 per cent. The question of delay and the reasonableness of the cause therefor shall be determined by the commission in accordance with the facts . . ." It was pursuant to this assertedly applicable statutory duty that State Compensation Insurance Fund provided to the petitioner herein certain workmen's compensation benefits up to the date petitioner filed the superior court action. If petitioner was injured outside the employment relationship then the Fund has no duty to provide continuing benefits. Further, according to the argument of respondent commission, if "petitioner should be further injured by one of the doctors furnished by the Fund, the Fund would be liable. If he is covered by the Workmen's Compensation Act and he should become worse by the failure of the Fund to furnish treatment the Fund would be liable in that circumstance also. [See *Duprey* v. *Shane* (1952), *supra,* 39 Cal.2d 781, 790]. The Fund is, therefore, entitled to a speedy determination of the question by the . . . Commission."

The factual bases for the above stated argument, insofar as they are enumerated, are indisputable. But there are other pertinent considerations: The insurance carrier or the employer, immediately upon the occurrence of a

presumed industrial injury, and before or simultaneously with, the furnishing of hospital or medical care or compensation payments, may file with the commission an application for adjustment of claim or liability (Lab. Code, § 5501; *Giacalone* v. *Industrial Acc. Com.* (1953), *supra,* 120 Cal. App.2d 727, 730-733; see also Lab. Code, § 3755) and thus fix jurisdiction in the commission to make the controlling determination of jurisdiction and secure protection against any claim of delay in meeting the obligations imposed by the law.

The commission particularly relies upon the case of *Giacalone* v. *Industrial Acc. Com.* (1953), *supra,* 120 Cal. App.2d 727, in which the widow of a deceased workman sought by mandamus to compel the commission to substitute Aetna, the workmen's compensation insurance carrier for one Battaglia, to dismiss the latter from the commission proceedings, and to restrain the commission from holding a hearing contrary to an agreement between Aetna and the widow. The widow herself had filed a superior court action alleging the relationship between the deceased workman and Battaglia was that of independent contractor, as well as an application with the commission alleging the relationship to be that of employe and employer. It appeared that Aetna and the widow had entered into certain agreements which contemplated dismissal of the commission application and possible later refiling, whereas Battaglia sought a prompt determination by the commission of his liability with respect to the death. The commission intended to proceed. Under these circumstances it was held that (p. 733) an employer is a party in interest with the right to maintain a commission proceeding, (pp. 733-736) dismissal of an employer is not mandatory where the insurance carrier is substituted under section 3755 of the Labor Code and a possible conflict of interest between the two appears, and (pp. 736-739) both the commission and the superior court would be allowed to proceed inasmuch as "the superior court has not exercised its jurisdiction and the commission has concurrent jurisdiction of the subject matter." In reaching this latter holding the court quoted in part from *Williams* v. *Southern Pac. Co.* (1921), 54 Cal.App. 571, 575-576 [202 P. 356], which in turn quoted from 15 Corpus Juris 1165 to the effect that the rule that where two tribunals have concurrent jurisdiction over the same parties and subject matter, the tribunal where jurisdiction first attaches retains it exclusively and will be

left to determine the controversy, is "limited to actions which deal either actually or potentially with specific property or objects, and where a suit is strictly *in personam,* nothing more than a personal judgment being sought, there is no objection to a subsequent action in another jurisdiction." In the Williams case the widow had filed both a court action for her husband's death and a commission application. The commission made an award and the court then held (p. 580 of 54 Cal.App.) that "Having recovered judgment for compensation in the proceeding before the commission by establishing the fact that the deceased was employed in intrastate commerce, and that judgment having become final, she could not recover in the action in the superior court by disproving the same fact on which the first judgment was necessarily based."

 Also, reliance is placed by the commission upon the above quotation from 15 Corpus Juris 1165, which appears in *Williams* v. *Southern Pac. Co.* (1921), *supra,* 54 Cal.App. 571, 575-576, concerning limitation of the concurrent jurisdiction rule to "actions which deal either actually or potentially with specific property or objects." (See also *Cutting* v. *Bryan* (1929), 206 Cal. 254, 257 [274 P. 326].) In this state, however, as indicated hereinabove, the rule has likewise been applied to actions in which only a personal judgment is sought. (See *M. H. Golden Const. Co.* v. *Superior Court* (1950), *supra,* 98 Cal.App.2d 811, 815-816 [accounting, contract, money judgment]; *Gorman* v. *Superior Court* (1937), *supra,* 23 Cal.App.2d 173, 177 [automobile collision damages].) Further, inspection of the Corpus Juris article reveals that the matter under discussion was concurrent jurisdiction of a state and a federal court, rather than potentially exclusive jurisdiction of two different tribunals within the same state. We therefore do not consider the Giacalone case (1953), 120 Cal.App.2d 727, or the Williams case (1921), 54 Cal.App. 571, to be controlling here and implications in the opinions in those cases contrary to the views expressed herein are disapproved.

The commission further relies upon the refusal of this court in the Williams case to grant the widow's application for mandamus to restrain the commission from proceeding pending outcome of her superior court action. The complete opinion of this court reads: "The respondent commission is acting entirely within its jurisdiction in hearing and determining the application pending before it, and we have no

authority to supervise its conduct of the proceeding in the manner suggested." (*Williams* v. *Industrial Acc. Com.* (1919, Cal.), 177 P. 989, 6 Ind. Acc. Com. Decisions 1.) Insofar as the above quoted opinion is inconsistent with the views expressed herein it is overruled.

Another point which is argued is that if an employer is not insured under the Workmen's Compensation Law, then by the provisions of section 3706 of the Labor Code "any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission, and, *in addition,* may bring an action at law against such employer for damages, as if this division did not apply." (Italics added.) (See also *Chakmakjian* v. *Lowe* (1949), 33 Cal.2d 308, 310 [201 P.2d 801] : "Under section 3706 of the Labor Code, the injured employee may bring an action for damages in any case where his employer failed to carry compensation insurance, and this right may be exercised independently of any proceeding before the Industrial Accident Commission [citations]"; *Chakmakjian* v. *Lowe* (1950), 101 Cal.App.2d 329 [225 P.2d 307] ; *Goodman Bros.* v. *Superior Court* (1942), *supra,* 51 Cal.App.2d 297.) In the Goodman Bros. case it was held that although a prior commission decision is res judicata in a superior court action between the same parties on the question of whether the employer was insured at the time the accident occurred, nevertheless prohibition would not issue to restrain the superior court from trying the insurance issue, inasmuch as "The plea of res judicata does not oust a court of jurisdiction and therefore it cannot be enforced by prohibition." (P. 306 of 51 Cal.App.2d.) The parties were left to their remedy by appeal in case the trial court decided the res judicata issue incorrectly. We do not here have any question, on the facts, of applicability of Labor Code, section 3706, nor do we have a question of res judicata; we have only the question as to whether the tribunal whose jurisdiction was subsequently invoked shall be barred from proceeding before final determination of the controlling jurisdictional question by the tribunal which first took jurisdiction.

It has been suggested that to hold that the right to proceed in the exercise of jurisdiction shall depend on the fact of priority of invocation, will tend to promote a footrace to filing. It may be answered that initially both tribunals have jurisdiction to determine jurisdiction, and that if ulti-

mate jurisdiction were to depend on the first final judgment, then we should still have the footrace but it would be a marathon rather than a sprint. With the law as it is, a race may be inevitable, but if it is, we prefer that it be a sprint.

We recognize, as we must in declaring the pertinent rule, that on occasion, conceivably, it may lead to hardship and to regrettable delay in administration of the benefits of workmen's compensation. Just as one interested party may race to one tribunal, an opposing party may race to the other tribunal. For example, in cases where questions as to possible negligence of the employer, or as to the interpretation of a contract as creating a relationship of employer and independent contractor or employer and employe, or as to employe activity within the scope of employment, or as to employer or insurance carrier liability within the terms of a contract, are close, it may be that an employer (perhaps a self-insured one) would prefer to have those questions decided by the stricter rules governing court procedures and character of proof rather than the more liberal ones applicable before the Industrial Accident Commission. To that end, the employer might be encouraged to attempt to fix initial jurisdiction in the superior court by immediately filing a declaratory relief action in that court rather than an application for adjustment of claim by the Industrial Accident Commission. Such problems, if they arise, can be met. Perhaps the desirability of further legislative action is indicated. In any event the problem now is to declare a simple, workable rule upon the law as it exists.

We conclude that the general rule long recognized as governing tribunals whose jurisdiction is generally concurrent should be applied here where jurisdiction to determine jurisdiction is concurrent.

A question remains as to the nature of the relief to be granted. Petitioner has asked for either mandamus or prohibition. As noted hereinabove, (*supra*, pp. 81-82), the cases are almost unanimous in declaring that prohibition lies where proceedings are to be stayed in situations of concurrent jurisdiction. It has been suggested, however, in reliance on *Simmons* v. *Superior Court* (1950), *supra*, 96 Cal.App.2d 119, 132-133, that mandamus is the proper remedy. In that case it appeared that actions between the same parties, involving the same subject matter and contesting the same issues, had been instituted in competent courts in Texas and in California. The Texas filing preceded that

in California. As to the subsequently commenced action in California it was held that the trial court abused its discretion in denying a motion of the Texas plaintiff (a California defendant) to stay proceedings in the California action (in which the plaintiff was the Texas defendant) until final determination of the Texas action. Conceivably both the Texas court and the California court could have jurisdiction to proceed and to determine the identical issues. The motion for a stay of proceedings, therefore, called for an exercise of judicial discretion which would not affect the jurisdiction, as such, of either court. Here, the final determination by either tribunal that it has jurisdiction to award relief in the case before it will be conclusive that the other lacks jurisdiction to proceed in the matter before it. The Simmons case, therefore, is not in point on the issue before us, and no implications inconsistent with the views we have announced should be attributed to its holding. We conclude, in accord with the cases cited (*supra*, p. 81), that prohibition is the proper remedy here.

For the reasons above stated, let the writ of prohibition issue as prayed.