**Curtis F. HUDGINS and Daisy L. Hudgins, Appellants and Cross-Appellees,**

**v.**

**Garnett Ryland GREGORY, Appellee and Cross-Appellant.**

**No. 6898.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 10, 1955.

Decided Feb. 16, 1955.

Henry E. Howell, Jr., Norfolk, Va. (Jett, Sykes & Howell, Norfolk, Va., on brief), for appellee and cross-appellant.

William McL. Ferguson and J. Warren Stephens, Newport News, Va., for appellants and cross-appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

These are cross-appeals from a judgment of the United States District Court for the Eastern District of Virginia in a civil action brought by Garnett R. Gregory under the Jones Act, 46 U.S.C.A. § 688 and the general maritime law, against Curtis F. Hudgins and Daisy L. Hudgins, owners of the fishing trawler Frederick H. (and hereinafter referred to as owners), to recover for personal injuries sustained by Gregory in the course of his employment as a seaman on the Frederick H. The jury returned a verdict of $32,000.00 in favor of Gregory. The owners moved to set this verdict aside and also to be heard on the right to limit their liability to their interest in the Frederick H., pursuant to 46 U.S.C.A. § 183 et seq., which right they had claimed in their amended answer to Gregory's complaint. The motion to set aside the verdict was overruled, but, after hearing evidence, the lower court sustained the owners' right to limit their liability. The owners have appealed to us from the overruling of their motion to set aside the verdict, and Gregory has cross appealed, asserting error by the lower court in allowing the owners to limit their liability.

Four main questions are raised by this appeal: (1) Was it error for the lower court not to rule as a matter of law that Gregory and his fellow servant, Elliott, were not employees of the owners within the meaning of the Jones Act? (2) Was there insufficient evidence of negligence on which the jury could base its decision? (3) Was it reversible error to submit the case to the jury on a theory of unseaworthiness? and (4) Was it error to permit the owners to limit their liability? Since we feel that the lower court cor-rectly ruled on all these questions, the case must be affirmed.

The owners were operating the Frederick H. in the ocean fishing trade on a share basis referred to in the evidence as the "Hampton lay." Under this arrangement, the owners got 40% of the proceeds from the sale of fish caught and the crew got 60%, less expenses of the voyage. The cost of maintaining the trawler, the nets and other equipment was borne by the owners.

This was Gregory's first experience as a seaman on a fishing boat. He was taken aboard by Forrest, the Master of the vessel, and assigned to the forward gallows, a structure carrying a winch-operated cable that raises and lowers doors which are dropped into the sea to carry out the fishing nets. On the morning of Gregory's injury, the Frederick H. was at sea. The nets became fouled while the doors were in the sea, and it became necessary to haul in the doors. Gregory, at the forward gallows, leaned over the boat's side and with his left hand grasped the cable securing the doors. He then signalled Elliott, the winch operator stationed behind him, to slack off on the cable by releasing the brake on the winch. Elliott made a mistake and took up on the cable instead. The movement of the cable drew Gregory's left hand up into the fulcrum of the gallows and so injured his hand that it was necessary to amputate the thumb and index finger.

Gregory brought the present action to recover for these injuries, charging liability of the owners on two theories: (1) for negligence of a fellow servant, under the Jones Act, and (2) for unseaworthiness of the fishing trawler under general maritime law. The jury's verdict was merely that Gregory should recover $32,000.00 so we do not know on what theory its decision was based.

The owners contend that Gregory cannot recover against them, under the Jones Act, since there was not sufficient evidence that an employer-employee relationship existed between the owners on the one hand and Gregory and Elliott,

his allegedly negligent fellow servant, on the other hand. It is contended that Gregory and Elliott were employees of Forrest, the Master of the Frederick H., since fishing the vessel on a share basis made him owner pro hac vice, and, therefore, the lower court should have ruled as a matter of law that Gregory and Elliott were not employees of the owners. With this contention we cannot agree.

Whether the seamen of a vessel are employees of the owners, or of the master of the vessel as an independent lessee of the vessel, is ordinarily a question of fact for the jury where there is evidence to support either theory. Southern Shell Fish Co. v. Plaisance, 5 Cir., 196 F.2d 312; Osland v. Star Fish & Oyster Co., 5 Cir., 107 F.2d 113; The Norland, 9 Cir., 101 F.2d 967; 48 Am. Jur. §§ 335–337 (1943).

The record before us shows that the owners of the Frederick H. directed where the trawler was to take its catch on returning from a voyage, maintained and repaired the trawler and paid the Social Security and Virginia Unemployment Compensation taxes on Elliott and Gregory; that the master had no ownership interest in the trawler and did not consider any of the seamen to be his employees, and most important of all, that the owner had complete authority to hire and fire all members of the crew. This, we think, is ample evidence to take the case to the jury on the theory that Gregory and Elliott were employees of the owners. The mere fact that the trawler was fished on shares does not, as contended by the owners, ipso facto make the master owner of the vessel pro hac vice so as to constitute the seamen his employees. As was pointed out in The Norland, 9 Cir., 101 F.2d 967, this is merely one factor tending to show ownership in the master, and evidence will be received to determine the extent of control over the boat and seamen exercised by the master. This case is not controlled by the decision in Thorp v. Hammond, 12 Wall. 408, 20 L.Ed. 419, since the evidence there showed that the master was part owner of the vessel, hired his own crew and used the vessel to his own ends without any restraint or directions for the other owner. The evidence before us is very different and the lower court quite properly left, under proper instructions, the question of employment to the jury.

The owners' contention that there was insufficient evidence of negligence upon which the jury could find them liable is unfounded. The record clearly shows that Elliott took up the cable when he had been signalled to slack off. In view of this testimony we cannot say that the jury acted without evidence in its finding of negligence. Naturally, any alleged contributory negligence on the part of Gregory in grasping the cable would be no defense but would be for the jury to consider in mitigation of damages. Brislin v. United States, 4 Cir., 165 F.2d 296, Bentley v. Albatross S. S. Co., 3 Cir., 203 F.2d 270.

The owners also contend that the lower court erred by sending the case to the jury on the question of unseaworthiness. The unseaworthiness relied on was the failure to furnish an adequate crew for the vessel. We think that there was nothing in this contention but that any error in allowing the jury to consider it was harmless as Gregory's injury was so clearly due to negligence of Elliott in the operation of the winch that the groundless contention as to the inadequacy of the crew could not have affected the result, even though the jury was erroneously allowed to consider it.

There is no merit in the owners' contention that the verdict of $32,000.00 is clearly excessive and without basis in fact. The record shows that the injuries suffered by Gregory have caused a seventy-five percent loss of use of his left hand. His life expectancy is thirty-seven years and he probably can never work again as a machinist, the labor at which he is skilled. In short, we think the record as a whole contains ample evidence to support a verdict of $32,000.00. While this amount may, at first blush,

seem excessive, we cannot say it was so arbitrary as to show passion or prejudice on the part of the jury.

█ Gregory contends that the owners should not have been permitted to limit their liability under 46 U.S.C.A. § 183, since as a matter of law the owners failed to carry their burden of proving that the Frederick H. was sent to sea with a competent and complete crew, such proof being necessary for a limitation under 46 U.S.C.A. § 183. The E. Madison Hall, 4 Cir., 140 F.2d 589; The Malcolm Baxter, Jr., 2 Cir., 20 F.2d 304; McGill v. Michigan Steamship Co., 9 Cir., 144 F. 788, certiorari denied 203 U.S. 593, 27 S.Ct. 782, 51 L.Ed. 332. We think, however, that the decision of the District Court on this point was clearly correct.

The record shows that the mate, Elliott, was an experienced fisherman and in fact succeeded Forrest as master of the Frederick H. The evidence shows that four-men, and even three-men, crews operated the trawler efficiently and that Forrest considered the vessel fully manned when she carried a crew of four.

█ Nor do we feel that we can reverse the District Court's holding that the owners were not barred by laches from claiming the right to limit their liability. With respect to this matter the District Judge said:

"While the record discloses considerable delay in actually filing the application, this is due in large measure to the understanding had between counsel and the Court that such application would be filed in event the motion for summary judgment was overruled and it was my understanding that in order to afford the plaintiff an early trial of the issues concerning liability defendants would be permitted to file the application for limitation in due course."

For the reasons stated above, the decision of the District Court is affirmed.

Affirmed.