[Civ. No. 11388. Fourth Dist., Div. One. May 25, 1973.]

SHIRLEY DE COURT et al., Plaintiffs and Appellants, v.
BECKMAN INSTRUMENTS, INC., Defendant and Respondent.

## COUNSEL

Von Kalinowski & Pagnini and William J. Pagnini for Plaintiffs and Appellants.

McInnis, Fitzgerald, Rees & Sharkey and Laurence L. Pillsbury for Defendant and Respondent.

## OPINION

**COLOGNE, J.**—Plaintiffs appeal from a summary judgment entered in favor of Beckman Instruments, Inc., in an action for damages for wrongful death brought under the Jones Act (46 U.S.C.A. § 688).[1]

The case raises the question of the legal effect of a California Workmen's Compensation Appeals Board award on the ability of the party receiving the award to subsequently recover under the federal maritime law.

The plaintiffs are the widow (De Court)[2] and three minor children of William A. De Court (decedent), who died August 5, 1970, while testing underwater diving equipment in the sea one to two miles off the shore of Cozumel, an island near Yucatan, Mexico. Beckman hired decedent five days before his death to help develop and produce a new self-contained underwater breathing apparatus invented by Walter Starck and called an electrolung. Sent via airplane to Cozumel by Beckman to meet Starck and become familiar with the electrolung, decedent was quartered on the island. He worked in the sea from the skiff of a research vessel known as the *El Torito*, which Starck commanded. Starck was under contract to Beckman as a consultant. After three days in Cozumel decedent, using the electrolung and in the company of Peter Hopper, an employee of Beckman, dove from the skiff, reached a depth of 250 feet and was never seen again.

Decedent was not assigned any duties, nor did he perform any duties, in connection with navigation, operation, maintenance or management of the *El Torito* or the *El Torito*'s skiff and the *El Torito* was not owned by Beckman according to uncontradicted declarations filed in support of the motion for summary judgment.

---

[1]Subject matter jurisdiction of the state courts to determine Jones Act cases is founded on the "saving to suitors" clause of 28 U.S.C.A. § 1333 (*Blevens* v. *Sfetku*, 259 Cal.App.2d 527, 531 [66 Cal.Rptr. 486]; *Larson* v. *Lewis-Simas-Jones Co.*, 29 Cal.App.2d 83, 88 [84 P.2d 296]).

[2]De Court was appointed guardian ad litem of the minor children for purposes of this action.

Approximately one month after the decedent's death, an agent of Beckman informed De Court she was eligible for state workmen's compensation benefits and if she would supply the requested information and sign necessary papers, Beckman's insurance carrier would process her claim. She then received from the insurer various papers which she filled out and signed where indicated. Before doing so, however, she took the papers to her attorney who stated the forms were proper and in order. The attorney did not mention applying for state compensation might affect her Jones Act rights. Other than the one conference, the attorney did not advise or otherwise represent her in the state compensation matter. She returned the various papers to the insurer and it handled the processing of her claim.

Upon application for adjudication of the state compensation claim dated September 17, 1970, and stipulations with request for award executed November 14, 1970, the state compensation matter was submitted to a referee.

On the status of decedent and his relationship to Beckman the stipulated findings and award of the referee state only decedent died as a proximate result of an injury arising out of and occurring in the course of his employment at Cozumel, Yucatan, Mexico, under a contract of hire which was made in the state by Beckman. The application for adjudication of claim, executed by a representative of Beckman and its insurer, makes similar allegations and among other things states decedent was drowned "testing underwater diving equipment, current carried him deeper—body and equipment never recovered." The stipulations with request for award contain a similar statement, and, in addition, make a printed recital that "both the employer and the employee were subject to the provisions of the Labor Code of the State of California."

De Court received the first payment under the state compensation award about the first of October 1971.[3]

In November 1970, De Court retained counsel other than the first attorney to prosecute a complaint for wrongful death under the Jones Act. The complaint was filed April 12, 1971.

Under the pleadings, plaintiffs alleged Beckman owned, managed, operated, navigated and controlled the vessel aboard which the deceased was employed as a seaman; the vessel was on the navigable waters off the island of Cozumel near Yucatan, Mexico; decedent was a seaman; and Beckman so carelessly and negligently managed, supervised and controlled

---

[3]De Court has offered to set-off all benefits received under the state compensation award if she obtains judgment for damages under the Jones Act.

decedent in the course and scope of his employment as to cause his death. The answer raised the affirmative defense a proceeding in the Workmen's Compensation Appeals Board of the State of California and the stipulated award for compensation to plaintiffs by reason of the death of decedent made on or about November 19, 1970, barred further civil litigation of the wrongful death lawsuit because of the doctrines of res judicata, election of remedies, and estoppel.

The parties stipulated to determination of the motion for summary judgment solely on the question whether the action was barred under the doctrine of res judicata, merger, and estoppel by reason of the prior workmen's compensation award. If the motion was denied on that basis, it was the understanding a continuance of about four months would be granted for the purpose of pursuing additional discovery proceedings and filing declarations on the other issues raised as a basis for the summary judgment. On this understanding the trial court heard the arguments on this first issue and granted Beckman a summary judgment making the other issues moot.

■ The Jones Act[4] is applicable only if, among other things, a "seaman" is involved and applies only with respect to the liability of "owners" of vessels. ■ The status of a person as a "seaman" or an "owner" is ordinarily a matter determinable only by detailed examination of the facts of the particular case. (See *Butler* v. *Whiteman*, 356 U.S. 271 [2 L.Ed.2d 754, 78 S.Ct. 734]; *Hudgins* v. *Gregory*, 219 F.2d 255, 258.) The act has been liberally interpreted to extend rather than restrict the traditional protection of seamen (*Soucie* v. *Trautwein Bros.*, 275 Cal.App.2d 20, 24 [79 Cal.Rptr. 671]).

■ The substantive law as developed in the federal cases is controlling of Jones Act cases filed in state courts. (See *Garrett* v. *Moore-McCormack Co.*, 317 U.S. 239, 245 [87 L.Ed. 239, 243, 63 S.Ct. 246]; *Intagliata* v. *Shipowners & Mer. etc. Co.*, 26 Cal.2d 365, 375-376 [159 P.2d 1]; *Smith* v. *Union Oil Co.*, 241 Cal.App.2d 338, 342-343 [50 Cal.Rptr. 499].)

---

[4]The Jones Act (46 U.S.C.A. § 688) provides: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

■ The courts have held the applicability of the maritime law in cases within maritime jurisdiction is exclusive and thus the Industrial Accident Commission[5] has no jurisdiction to award compensation in these cases (*London Co.* v. *Industrial Comm'n.*, 279 U.S. 109 [73 L.Ed. 632, 49 S.Ct. 296]; *Occidental Ind. Co.* v. *Ind. Acc. Com.*, 24 Cal.2d 310 [149 P.2d 841]). Accordingly, in *Occidental Ind. Co.* v. *Ind. Acc. Com., supra,* 24 Cal.2d 310, the California Supreme Court decided the remedies provided by the workmen's compensation law are not available concurrently with the remedies under the Jones Act and maritime law which supersedes the operation of the state law. The court held the state and federal remedies to be mutually exclusive and annulled an award of workmen's compensation for lack of jurisdiction after the Commission specifically found the claimant was not a seaman and the injury did not occur either on a vessel or navigable waters.

The United States Supreme Court in the *London Co.* case, *supra,* 279 U.S. 109, similarly overturned an express finding of the Commission that the decedent in the case was not engaged in maritime employment and both he and his employer were subject to the state compensation act. (See also *Spencer Kellogg Co.* v. *Hicks,* 285 U.S. 502 [76 L.Ed. 903, 52 S.Ct. 450].)[6]

Beckman contends if there is a final determination as to the matter of coverage (i.e., of jurisdiction) by either the Board or the superior court, such determination will be res judicata in subsequent proceedings before the other tribunal between the same parties or those privy to them (*Scott* v. *Industrial Acc. Com.,* 46 Cal.2d 76, 83 [293 P.2d 18]; *Unruh* v. *Truck Insurance Exchange,* 7 Cal.3d 616, 633-634 [102 Cal.Rptr. 815, 498 P.2d 1063]).

Further, citing section 5302 of the Labor Code,[7] Beckman argues when

---

[5]Since 1969 the Industrial Accident Commission is known as the Workmen's Compensation Appeals Board. The cases we cite may refer to the board by either name depending on the date of the decision and we have used the language of the court in each case and refer to it alternatively as the "Commission" or "Board."

[6]There are cases which allow recovery under the state compensation laws by applying a "twilight zone" exception to the exclusive jurisdiction principles. These cases involve, generally, injuries occurring in the territorial waters of a state to which application of the state remedy would work no interference with the maritime law. (See *Davis* v. *Department of Labor,* 317 U.S. 249, particularly fn. 2 [87 L.Ed. 246, 63 S.Ct. 225]; *London Co.* v. *Industrial Comm'n., supra,* 279 U.S. 109, 117-120 [73 L.Ed. 632, 634-635].)

[7]Labor Code section 5302 provides: "All orders, rules, findings, decisions, and awards of the appeals board shall be prima facie lawful and conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside by the appeals board or upon a review by the courts within the time and in the manner specified in this division."

the Board made an award it impliedly and necessarily found the decedent was not a seaman, the matter was not otherwise subject to the Jones Act and the Board had jurisdiction to make the award (*Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616, at p. 637).

The question we must decide is whether application of the latter rules to the particular case before us precludes plaintiffs' action.[8] We hold plaintiffs' action is not barred by that award.

Neither the *Unruh* nor *Scott* case, *supra,* 7 Cal.3d 616 and 46 Cal.2d 76, dealt with admiralty law. In both cases the issue was whether the conditions of compensation for an injury were present. Resolution of this issue determined whether the Board had exclusive jurisdiction to grant relief or the superior court was vested with such jurisdiction. If this single factor, i.e., conditions of compensation, was present, the superior court could not grant relief. If it was not present, the Board could not grant relief (Lab. Code, §§ 3600, 3601). The superior court and the Board each had concurrent jurisdiction to determine its own jurisdiction by resolving this single issue of conditions of compensation. Once this issue was determined by the tribunal first assuming jurisdiction of this issue, the determination is res judicata in proceedings in the other tribunal with respect to the same parties.

In the *Unruh* and *Scott* cases, unlike the case before us, the court was presented with a situation in which the only basic factors determining the exclusive jurisdiction of the Board to grant relief were those involving the presence of conditions of compensation under the workmen's compensation law. Under the rule of *Unruh* and *Scott,* the factors determining the superior court's exclusive jurisdiction to grant relief were simply its status as a court of general jurisdiction and a first tribunal determination the conditions of compensation were not present. (See *Scott* v. *Industrial Acc. Com., supra,* 46 Cal.2d 76, 85.)

In the case before us, however, basic factors establishing exclusive jurisdiction to grant relief apply uniquely to each of the tribunals and are not the same. The basic determinant for Board jurisdiction is whether the death occurred in the course and scope of employment and does not require any determination of jurisdictional issues under the Jones Act. Was the decedent a "seaman"? Was a "vessel" involved? Was the employer the "owner of the vessel"? These are questions which must be resolved in determining Jones

---

[8] In a Jones Act case brought in a state court, procedural matters, including the application of the summary judgment provisions of Code of Civil Procedure section 437c, are governed by state law (*Dixon* v. *Grace Lines, Inc.,* 27 Cal.App.3d 278, 289, fn. 6 [103 Cal.Rptr. 595]).

Act jurisdiction. These factors are not necessarily answered in the case at bar by resolution of the course and scope of employment issue. (See *Gahagan Const. Corporation* v. *Armao,* 165 F.2d 301, 303, 305.) It would be unreasonable to assume the Board considered these factual questions in reaching its decision.

The rights and duties involved in the Jones Act remedy differ from those under the state compensation act both in their source under the Constitution of the United States (U.S. Const., art. I, § 8, cl. 3; art. VI, cl. 2) and in their nature as developed by the federal cases. (See *Moragne* v. *States Marine Lines,* 398 U.S. 375 [26 L.Ed.2d 339, 90 S.Ct. 1772].) The issues determinative of jurisdiction under the Jones Act are thus far different from those determinative of jurisdiction under the state compensation law. It is not the same controversy once litigated which is being relitigated, and there is no merger of the cause of action in the compensation award. (See *Busick* v. *Workmen's Comp. Appeals Bd.,* 7 Cal.3d 967, 972-974 [104 Cal.Rptr. 42, 500 P.2d 1386]; *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892].)

Jones Act jurisdictional questions can hardly be said to have been properly determined by implication under circumstances, as here, where the principal documents were prepared by Beckman and its insurance carrier, the plaintiffs had no counsel, and the matter was submitted to the referee without adversary proceedings.

■ Since those issues essential to Jones Act jurisdiction were not determined in the state compensation proceedings, the doctrine of collateral estoppel is not applicable. (See *Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control,* 57 Cal.2d 749, 757-758 [22 Cal.Rptr. 14, 371 P.2d 758].) ■ Nor does the fact De Court received part of the award preclude assertion of her Jones Act rights (*Calbeck* v. *Travelers Insurance Co.,* 370 U.S. 114, 131 [8 L.Ed.2d 368, 379, 82 S.Ct. 1196, 1205]; *Gahagan Const. Corporation* v. *Armao, supra,* 165 F.2d 301, 307).

■ In reaching this conclusion we also take note of the line of cases holding an award of the Board is not final until the expiration of the five-year period during which an award can be rescinded, altered or amended (Lab. Code, §§ 5803-5805), and thus the doctrine of res judicata is inapplicable to its awards during that period. (See *Casualty Ins. Co.* v. *Industrial Acc. Com.,* 226 Cal.App.2d 748, 757 [38 Cal.Rptr. 364].) Under this view, the doctrine of res judicata does not apply to the award under consideration because the five-year period has not expired.

■ In view of the foregoing, and considering the paramount federal law involved (see *Carlson* v. *Pacific Far East Lines,* 29 Cal.App.3d 883, 887 [105 Cal.Rptr. 885]), the Board's award cannot be deemed res judicata with respect to Jones Act jurisdictional issues. (See *Mike Hooks, Inc.* v. *Pena,* 313 F.2d 696.)[9] The order granting summary judgment on the basis of res judicata was erroneous. Pursuant to stipulation of counsel we leave unresolved the balance of arguments in support of the motion for summary judgment.

Judgment reversed.

Brown (Gerald), P. J., and Ault, J., concurred.

A petition for a rehearing was denied June 11, 1973, and respondent's petition for a hearing by the Supreme Court was denied July 25, 1973.

---

[9]In navigating these uncharted waters we ally ourselves with the court in *Addington* v. *Industrial Indem. Co.,* 24 Cal.App.3d 802 (fn. 10, p. 809) [101 Cal.Rptr. 277], and seek to avoid injustice in this somewhat unique setting by requesting a total factual resolution before attempting to apply neat legal principles.