[Civ. No. 40433. Second Dist., Div. Five. Aug. 22, 1973.]

CHARLES GILBERT, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Weinstein, Shelley & Proctor and Robert C. Proctor, Jr., for Plaintiff and Appellant.

Roger Arnebergh and Burt Pines, City Attorneys, John A. Daly and Jack L. Wells, Assistant City Attorneys, and Bert Glennon, Jr., Deputy City Attorney, for Defendants and Respondents.

OPINION

**ASHBY, J.**—Plaintiff appeals from a judgment declaring that a decision of the Workmen's Compensation Appeals Board was not retroactively binding upon respondent City of Los Angeles in determining whether plaintiff's (appellant's) injury was caused by his employment, and that consequently appellant is not entitled to compensation under section 4.104 of the Los Angeles Administrative Code.

Appellant was employed by respondents as a civilian ambulance attendant between April 19, 1952, and August 22, 1970; thereby falling under the provisions of division 4, chapter 2, article 7, section 4.104 et seq., of the Administrative Code of the City of Los Angeles.

Pursuant to section 4.104 of the Administrative Code, appellant filed a report of personal injury with respondents on February 19, 1970, alleging an injury received in the course of his employment.

At respondents' request, appellant was examined by Dr. Carl E. Nemethi on February 23, 1970, and by Dr. Robert I. Moes on March 17, 1970. Both doctors prepared written reports indicating appellant's condition to be Dupuytren's Contracture, nonindustrial in nature and not arising from his employment with respondents.

Appellant's statement of the accident, together with the two medical reports, was considered by Mr. Melvin H. Erbsen, compensation officer, and a recommendation made to the general manager of the personnel department that the claim for compensation under section 4.104 be denied. The general manager of the personnel department reviewed the file and Mr. Erbsen's recommendation and decided appellant's claim should be denied pursuant to the aforementioned section of the Administrative Code.

Appellant was notified of this decision, in writing, on March 24, 1970, with an indication that, among other things, the denial of his claim was the

decision which would be followed unless appellant could supply additional facts which would justify a different conclusion to the satisfaction of the general manager of the personnel department.

On June 30, 1970, appellant sought and was awarded temporary disability by the Workmen's Compensation Appeals Board for the 6-2/7 week period from February 21, 1970, through February 24, 1970, and from April 2, 1970, through May 13, 1970, payable at $87.50 per week plus an award for the costs of medical treatment and attorneys' fees which respondents paid.

Appellant was retired effective August 22, 1970, and had no compensable unused sick leave as computed pursuant to section 4.126 of the Administrative Code but did have accrued and unpaid vacation in the amount of 27¾ days at the rate of $965.70 per month, equalling $1,232.10.

■ In his first contention, appellant urges that the city's ordinance entitled "Compensation to Employees Injured in Course of Employment" must be interpreted to require that the employee's eligibility for compensation under the ordinance be determined by the action taken by the Workmen's Compensation Appeals Board in ruling on the employee's claim under the Workmen's Compensation Act.

Section 4.104 of the Administrative Code of the City of Los Angeles provides as follows: "(a) Any employee in the City service who sustans [*sic*] illness or injury proximately caused by, arising out of and in the course of his employment shall receive, from the date he is certified off duty for temporary total disability as a result of such illness or injury by either a physician or surgeon duly authorized under Subsection (d) of this Section to administer treatment therefor or by the General Manager of the Personnel Department, an amount equal to 90 per cent of his regular salary at the salary rate as of the date of injury, as workmen's compensation in satisfaction of the obligation of the City of Los Angeles under Division IV of the Labor Code of the State of California and not as salary or wages for services rendered.

"The payment of such amount shall continue until said physician or surgeon or General Manager of the Personnel Department certifies that such employee is no longer temporarily totally disabled or that he is able to return to work; provided, however, that in no event shall any employee receive payment at the rate specified in this subsection for a longer period than one year in the aggregate for any one illness or injury.

"● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

"(d) It shall be the exclusive duty of the General Manager of the Personnel Department to secure all necessary medical and hospital care for employees coming within subsection (a) of this section and decide upon the medical and factual record contained in the Personnel Department's file, the following:

"1. All medical issues and factual conflicts pertaining thereto;

"2. All questions relating to the employees' rights to the benefits provided in this section.

". . . . . . . . . . . . . . .

"(i) Any action taken by the General Manager of the Personnel Department under Subsection (a) or (d) of this section shall be subject to rules and regulations of the Board of Civil Service Commissioners."[1]

Appellant argues that the ordinance is unreasonable unless the determination of the question of work-related causation is made by the Workmen's Compensation Appeals Board and under the rules of statutory construction as interpreted by the courts a reasonable interpretation is favored over one that is unreasonable. Appellant further argues that the city council in adopting section 4.104 intended to provide city employees with potentially greater temporary disability benefits than those required under the Workmen's Compensation Act and therefore could not have intended that the general manager have discretion to make a binding determination which is contrary to the decision of the Workmen's Compensation Appeals Board. In essence appellant is arguing that the determination of the general manager is a preliminary ruling which remains in effect only in the absence of a contrary determination by the Workmen's Compensation Appeals Board.[2] We do not agree. Appellant seeks to support his position by citing *Godshalk v. City of San Diego,* 16 Cal.App.3d 459 [94 Cal.Rptr. 42]. His reliance is misplaced. In *Godshalk* the city ordinance which provided for disability payments contemplated only an interim decision. The court stated at page 467: "Everything indicates that the ordinance under which plaintiff received his full pay until January 1956 was intended to allow such full pay

[1] The board of civil service commissioners has adopted no rules or regulations specifically referring to section 4.104(i) of the Los Angeles Administrative Code which provides for review of the general manager's decision pursuant to the exercise of the general manager's discretion as provided for in sections 4.104(a) and (d).

[2] Appellant emphasized during argument that he is not contending that he was deprived of an appeal from the decision of the general manager. The crux of appellant's position is that the general manager's decision is only a preliminary interim determination which is subject to the final determination of the Workmen's Compensation Appeals Board.

on the theory a later determination would be made by IAC [Industrial Accident Commission], . . ."

■ Legislative enactments must be construed in accordance with the language of the ordinance given its ordinary meaning (*Pac. Gas & E. Co. v. Shasta Dam etc. Dist.*, 135 Cal.App.2d 463 [287 P.2d 841]), and in construing such language the courts may not insert any omitted provision (Code Civ. Proc., § 1858). Even a cursory reading of the ordinance shows that to adopt appellant's interpretation of the ordinance would require the insertion of language requiring that Workmen's Compensation Appeals Board decisions be considered to be determinative.

Appellant infers that there is a conflict between the ordinance code provisions and the compensation sections of the Labor Code but concedes that section 4.104 was intended to provide potentially greater temporary disability benefits than those required under the Labor Code. If there were a conflict between the ordinance code and the Labor Code, the latter would prevail. (*Healy* v. *Industrial Acc. Com.*, 41 Cal.2d 118 [258 P.2d 1].) But we find no conflict. The purpose of the ordinance code is to provide additional compensation benefits, not to supplant or replace the benefits under the Workmen's Compensation Act.

■ Appellant contends also that under the ordinance the general manager has unlimited discretion and that the ordinance establishes no standards. This contention has no merit. The ordinance specifically states that the general manager is to obtain medical reports and personnel file records. The general manager did exactly that and, after reviewing the medical reports, based the decision on those reports.[3]

The ordinance section need not contain exhaustively defined guidelines and standards. (*Savelli* v. *Board of Medical Examiners*, 229 Cal.App.2d 124, 141 [40 Cal.Rptr. 171].) Section 4.104 does establish an ascertainable standard which was applied by the general manager in this case.

There has been no showing by appellant that there was any use of unlimited discretion or that the authority or discretion delegated to the general manager was exercised arbitrarily, capriciously or erroneously. Nor can appellant argue that he had no opportunity to place before the general manager facts[4] which may have caused the decision to be in accord with the later Workmen's Compensation Appeals Board decision.

---

[3]Appellant does not assert that the decision of the general manager was incorrect or that it was not based upon substantial evidence.

[4]In a letter from the general manager to appellant, it was clearly stated: "Therefore, *if no additional facts are presented* which justify a different conclusion, no medical attention will be provided nor will any compensation be paid under the provisions of the Labor Code." (Italics added.)

■ Appellant next contends that the decision of the Workmen's Compensation Appeals Board should have been res judicata and should be retroactively applied to the general manager's decision. We do not agree. In *Pathe* v. *City of Bakersfield,* 255 Cal.App.2d 409 [63 Cal.Rptr. 220], the employee had been with the city fire department for over 10 years when he became conscious of an adverse heart condition. He applied to the Industrial Accident Commission for workmen's compensation benefits. Prior to the decision by the board, the county pension board took independent action finding that he was disabled and that the injury was work related. Subsequent to that decision, the Workmen's Compensation Appeals Board found that the injury was not an industrial injury. The court considered the contention that the decision of the Workmen's Compensation Appeals Board was binding on the retirement board under the doctrine of res judicata. The court stated: "We conclude that this contention is entirely without merit. Such a holding would be contrary to the very purpose of the doctrine, which is to bring an end to litigation. . . . 'Its purpose and effect has always been to bring an end to litigating the same facts over again, which presupposes that the doctrine can only be applied prospectively. (See *French* v. *Rishell,* 40 Cal.2d 477 [254 P.2d 26]; *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892].) . . .'" (*Pathe* v. *City of Bakersfield, supra* at p. 417.)

Furthermore, under the provisions of Labor Code sections 5802 to 5805, the Workmen's Compensation Appeals Board has continuing jurisdiction of its awards for five years from the date of the employee's injury. Therefore, res judicata could not be applicable during that period of time. (*Edwards* v. *City of Chico,* 28 Cal.App.3d 148, 155 [104 Cal.Rptr. 481]; *Solari* v. *Atlas-Universal Service, Inc.,* 215 Cal.App.2d 587, 593 [30 Cal. Rptr. 407]; *DeCelle* v. *City of Alameda,* 186 Cal.App.2d 574 [9 Cal.Rptr. 549].)

Appellant's final contention is that he should not have been required to use sick leave during the period of his disability and therefore should be entitled to recover 50 percent of the benefits he would otherwise have had as of the date of his retirement. This contention is answered by our disposition of appellant's other contentions.

For the reasons set forth above, the decision of the trial court is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.