Barbara (Seal) NAGLE

v.

**RINGLING BROS. AND BARNUM &
BAILEY COMBINED SHOWS, INC.**

Civ. A. No. 73-H-922.

United States District Court,
S. D. Texas,
Houston Division.

Dec. 12, 1974.

David J. Nagle, Houston, Tex., for plaintiff.

Tom Connally, Fulbright & Jaworski, Houston, Tex., for defendant.

*Memorandum and Opinion:*

SINGLETON, District Judge.

On October 16, 1971, the plaintiff Barbara Seal Nagle was performing her "Dive for Life" act in Milwaukee, Wisconsin, when the rubber mattress or "sponge" upon which she was to land after a dead fall of 35 feet failed to remain inflated. Upon impact she suffered serious injuries. After treatment in Wisconsin she was returned to Los Angeles, California where she underwent further treatment. Subsequently, she married and moved to Houston, Texas, where she has brought this cause of action in diversity on theories of tort and contract.

While in California, the plaintiff filed a claim for workmen's compensation benefits in which she alleged that she was an employee of the defendant Ringling Brothers. The defendant and its insurer denied that she was an employee of the defendant and defended the claim on that basis, but the Workmen's Compensation Appeals Board (hereinafter referred to as the WCAB) of the State of California made a finding of fact that the plaintiff was an employee of the defendant and awarded her benefits in the amount of $87.50 per week. She has received regular compensation payments under this award and all of her medical expenses have been paid by the defendant's insurer.

The defendant in this cause of action has brought on its motion for summary judgment based upon these several points:

1. The award of the California Workmen's Compensation Appeals Board being a final adjudication and determination on the merits is *res judicata* to the question and is entitled to Full Faith and Credit.

2. Under the doctrine of election of remedies, the plaintiff elected to proceed under the workmen's compensation remedy and is estopped to pursue an action in a court of law.

3. It is contrary to the public policy of the State of Texas to allow the maintenance of a cause of action in a court of law after a party has received an award of workmen's compensation.

The plaintiff has countered the arguments by saying that the compensation

award is not *res judicata* because the Board lacked subject matter jurisdiction and because the award is not final. Further, the plaintiff has alleged that the doctrine of election of remedies is inappropriate to this case.

The motion for summary judgment has been brought on stipulated and uncontroverted facts surrounding the plaintiff's action to obtain workmen's compensation benefits. It does not concern any question of fact relating to the circumstances of the accident or any allegations of negligence.

The court considers it unnecessary to examine the theories of the defendant set forth at 2 and 3, above, because he is convinced that the motion for summary judgment should be granted in 1, above.

■ Article IV, § 1, the Full Faith and Credit Clause of the United States Constitution reads:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

This court, sitting in a diversity case as a state court, must abide by the full faith and credit clause, if it is applicable. In other words, the court must give to the workmen's compensation award of the WCAB whatever effect that award has in California. If the award is a valid final judgment, conclusive of the issues raised in the instant suit, then it has the same effect in Texas as it has in California and would be *res judicata* to the instant suit. Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 1208, 88 L.Ed.2d 149 (1943); Industrial Comm'n v. McCartin, 330 U.S. 622, 67 S.Ct. 74, 91 L.Ed. 1140 (1947).

The question then becomes one of whether or not the California law makes a California compensation award conclusive so as to preclude subsequent common law actions in other states. The court has not been cited to and has not found any California cases which directly answer this question. As early as 1927, however, the Supreme Court of California said in Alaska Packers' Ass'n v. Industrial Accident Comm'n of California, 209 Cal. 579, 253 P. 926 (1927): "When the specified conditions exist, the remedy provided by the act is exclusive of all other statutory or common-law remedies." 253 P. at 928. The courts of California have consistently held that if the jurisdiction of the WCAB properly attaches, that jurisdiction is exclusive and bars subsequent actions at law in California courts. Scott v. Industrial Accident Comm'n, 46 Cal.2d 76, 293 P.2d 18 (1956); Carter v. Superior Court, 142 Cal.App.2d 350, 298 P.2d 598 (2d Dist., Div. 1, 1956); Goodman Bros., Inc. v. Superior Court of City and County of San Francisco, 51 Cal.App.2d 297, 124 P.2d 644 (1st Dist., Div. 1, 1942); Jones v. Brown, 13 Cal.App.3d 513, 89 Cal.Rptr. 651 (1st Dist., Div. 1, 1970); Unruh v. Truck Ins. Exch., 20 Cal.App.3d 552, 498 P.2d 1063 (1972); Busick v. Workmen's Compensation Appeals Board, 7 Cal.3d 967, 104 Cal.Rptr. 42, 500 P.2d 1386 (1972).

Traditionally, the theory behind making workmen's compensation the exclusive remedy is

the laws provide predictable compensation for any on the job injury. They represent a compromise that inures to the ultimate benefit of both employer and employee. The employee surrenders his right to seek damages in an action at law in return for swift recovery independent of proof of fault. The employer gives up common law defenses to negligence suits and assumes an absolute liability to provide compensation; in return he is granted immunity from common law negligence suits by his employees.

Wilson v. Faull, 27 N.J. 105, 141 A.2d 768, 774 (1958).

■ The court finds that the California law invests a valid California compensation award with such conclu-

siveness and exclusiveness that the maintenance of a subsequent common law action in Texas would be contrary to the law of California.

■ The California courts have held that the Workmen's Compensation Appeals Board has concurrent jurisdiction with California courts of law to determine whether the "conditions of compensation" exist. If the conditions of compensation exist, then the WCAB has exclusive jurisdiction; if those conditions do not exist, then the courts of the state of California have jurisdiction over the question. Scott v. Industrial Accident Comm'n, 46 Cal.2d 76, 293 P.2d 18 (1956). But once the Board or the court has determined in a final order in which judicial body the jurisdiction properly lies, that decision is *res judicata* of the issue and is binding on the other tribunal, unless and until overturned by an appellate court.

As Busick v. Workmen's Compensation Appeals Board, *supra,* makes clear, however, the decision of the Board or of the court does not serve as *res judicata* of the issue of jurisdiction alone. The final judgment of either court or Board is *res judicata* of the entire cause of action. Although in the *Busick* case the Supreme Court of California was concerned with a situation in which the party, after obtaining a judgment in a court, had sought to collect under workmen's compensation, the language of the case makes clear that the rule would be applicable to a reverse situation:

More specifically, when a plaintiff has two mutually exclusive remedies, and judgment is rendered in his favor giving him one of the remedies, he cannot thereafter maintain an action for the other.

Busick v. Workmen's Compensation Appeals Board, *supra,* 104 Cal.Rptr. at 47, 500 P.2d at 1391.

The defense of *res judicata* is available, however, in limited circumstances:

Only a final judgment on the merits between the same parties or their privies and upon the same cause of action is entitled to the res judicata effect of bar or merger.

Busick v. Workmen's Compensation Appeals Board, *supra,* 104 Cal.Rptr. at 47–48, 500 P.2d at 1391–1392.

The question of whether or not the award in the instant case constitutes a "final judgment on the merits" is crucial. The statutes of California provide for an administrative review of a decision of the WCAB. 4 California Labor Code, § 5900 reads:

(a) Any person aggrieved directly or indirectly by any final order, decision, or award made and filed by the appeals board or a referee under any provision contained in this division, may petition the appeals board for reconsideration in respect to any matters determined or covered by the final order, decision, or award, and specified in the petition for reconsideration. Such petition shall be made only within the time and in the manner specified in this chapter. (b) At any time within 60 days after the filing of an order, decision, or award made by a referee and the accompanying report, the appeals board may, on its own motion, grant reconsideration.

Section 5903 of the Labor Code provides:

At any time within 20 days after the service of any final order, decision, or award made and filed by the appeals board or a referee granting or denying compensation, or arising out of or incidental thereto, any person aggrieved thereby may petition for reconsideration upon one or more of the following grounds and no other:

\* \* \* \* \* \*

Section 5950 of the Labor Code reads:

Any person affected by an order, decision, or award of the appeals board may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which he resides, for a writ of review, for the pur-

pose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration. The application for writ of review must be made within 30 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 30 days after the filing of the order, decision, or award following reconsideration.

To summarize these provisions, reconsideration of the order can be sought within 20 days of its rendition by a person affected by the order. The board itself can reconsider on its own motion within 60 days of the rendition of the order. Judicial review can be sought within 30 days of the denial of reconsideration by the Board or within 30 days of an order following a reconsideration by the Board.

The defendant has contended that, following the time limits set out in these statutes, the order becomes final for *res judicata* purposes.

The plaintiff, however, contends that Section 5803 of the Labor Code prevents an award from being final until five years have passed from the time the award is handed down:

> The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division. At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor.

> Such power includes the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished, or terminated.

Section 5804 creates an exception for the finding of employment which cannot be reconsidered after the time limits of 5900, 5903, and 5950 have passed.

The defendant's contention finds support in the language of many of the California court opinions, although none of these opinions squarely faces the specific issue presented here.

In *Busick, supra,* the insurance carrier had questioned the Board decision that it was solely responsible for the medical-legal costs of the injured employee. The carrier had filed a petition for reconsideration, but had not questioned the specific issue of medical-legal costs. Because of the carrier's failure to file a timely reconsideration petition on that issue, the Supreme Court of California held:

> As to Allstate, the order determining it to be solely responsible for petitioner's medical-legal costs became final because of Allstate's failure to file a timely petition for reconsideration.

Busick v. Workmen's Compensation Appeals Board, *supra,* 104 Cal.Rptr. at 51, 500 P.2d at 1395.

In Dow Chemical Co. v. Workmen's Compensation App. Bd., 67 Cal.2d 483, 62 Cal.Rptr. 757, 432 P.2d 365 (1967), the Supreme Court of California had found that prior decisions by the WCAB that injuries suffered by the employee were specific and resulted in permanent partial disability were binding on him in a subsequent proceeding against insurance carriers for permanent disability caused by repetitive trauma prior to and following the dates of the specific injuries.

The court held, "None of the parties to the cases involving specific injuries in 1949, 1960, and 1961 requested reconsideration by the WCAB. As a result, these awards became final." 62 Cal.Rptr. at 761, 432 P.2d at 369. This was true despite the fact that the court found:

> If the only decision of the WCAB was its decision in the cumulative injury case, that decision would be in

accord with the medical testimony. Regrettably, however, that decision cannot stand. Despite its obvious objective of affording a claimant a proper adjudication of his claims and in clearing away the debris of its own errors in order to reach that end, the WCAB is bound by the basic rules of law and procedure. [citations omitted] These basic rules of procedure require the board to give res judicata effect to its final decisions. . . .

It must be noted that the employee had filed the specific claims for the 1949, 1960, and 1961 injuries at the same time in 1965. The cumulative claim was also filed in 1965, after the decision on the three specific injuries had been handed down. The parties had failed to file timely reconsideration claims on the specific injuries, but the continuing jurisdiction of the WCAB would have been in effect for another five years. This fact did not concern the California Supreme Court since it did not even mention § 5803 of the Labor Code.

Marsh v. Workmen's Compensation Appeals Board, 257 Cal.App.2d 574, 65 Cal.Rptr. 69 (2d Dist., Div. 4, 1963), involved the review of an award by the WCAB against three insurance carriers. The award had been against four insurance carriers, but only one of the insurers petitioned for review to the appellate court. The court held that as to the nonappealing carriers the award remained final:

> The original award against the three carriers who did not seek review when the time to petition for review expired was unaffected by the subsequent order of this court. The doctrine of res judicata precluded the board from redetermining the issues on which their liability is based. . . . The continuing jurisdiction of the board was not invoked or appropriate. . . . 65 Cal.Rptr. at 71.

Finally, in Carter v. Superior Court, 142 Cal.App.2d 350, 298 P.2d 598 (2d Dist., Div. 1, 1956), the court was faced with a situation in which the employee could elect to plead and prove that his employer had intentionally injured him and pursue his remedy in a court of law, or could elect to go under the workmen's compensation statutes, and merely show that he had been injured in the course of his employment. Initially he chose the latter remedy and then after receiving payments under a workmen's compensation award he brought suit for damages. The appellate court held that the employee having made his election could not maintain the subsequent action at law:

> [T]he award is final, subject only to the continuing jurisdiction of the Commission pursuant to section 5803 of the Labor Code.

298 P.2d 598, 600.

The plaintiff relies upon two appellate court cases handed down in 1973. De Court v. Beckman Instruments, Inc., 32 Cal.App.3d 628, 108 Cal.Rptr. 109 (4th Dist., Div. 1, 1973) concerns a widow who, after receiving a workmen's compensation award for her husband's death, was not barred on grounds of *res judicata,* merger or estoppel from maintaining a Jones Act wrongful death case. The court found that the Jones Act case was not barred by the previous award because determining whether or not the Jones Act is applicable to a particular case is quite different from determining whether or not the state compensation statute was applicable.

> The basic determinant for Board jurisdiction is whether the death occurred in the course and scope of employment and does not require any determination of jurisdictional issues under the Jones Act. * * * It would be unreasonable to assume the Board considered these factual questions in reaching its decision.

108 Cal.Rptr. at 114.

In the next to the last paragraph of the opinion the court says that in reaching its decision it has taken note of the

"line of cases holding an award of the Board is not final until the expiration of the five-year period during which an award can be rescinded, altered or amended." This, in the court's view, would make the doctrine of *res judicata* inapplicable to its awards during that period. One is cited to Casualty Ins. Co. v. Industrial Accident Comm'n, 226 Cal.App.2d 748, 38 Cal.Rptr. 364 (1st Dist., Div. 1, 1964), in which the question was whether an award by the Industrial Accident Commission of permanent disability indemnity based on a different occupation of the applicant than that agreed on by the parties exceeded the Commission's jurisdiction. In a previous Industrial Accident Commission award, the Commission had found one occupation, and the parties had agreed that this would be the occupation for purposes of the second award. In the subsequent award, the Industrial Accident Commission changed its mind and found a different occupation. The court found that the first award was not *res judicata* to the second on the question of which occupation and that the parties could not agree since it was a question of law not of fact. The court does not view this as very compelling authority for the holding in the *De Court* case. Furthermore, in view of the tenor of the rest of the *De Court* opinion, the court is convinced that the language expressed in the end of the opinion is purely dicta used to bolster the decision reached in the case. Since the facts and law of the *De Court* case and the instant case differ so drastically, it can hardly be taken as authority for the decision to be reached in the instant case.

In Gilbert v. City of Los Angeles, 33 Cal.App.3d 1082, 109 Cal.Rptr. 622 (2d Dist., Div. 5, 1973), another court uses the theory that because the Board has continuing jurisdiction for five years the award has no *res judicata* effect until the five years has passed. Gilbert had been employed by the City of Los Angeles from 1952 to 1970 as a civilian ambulance attendant. In 1970 he filed a report of personal injury with the department of personnel pursuant to the Administrative Code of the city alleging that he had received an injury in the course of his employment. He was examined by doctors and his disease was found to be nonindustrial and not arising from his employment. His claim was denied. A few months later he failed a claim with the WCAB and was awarded compensation. Thereafter, he sought to have the finding of the WCAB that his injury was employment related applied retroactively to the denial of his claim under the Administrative Code. To do otherwise would mean that the Administrative Code and the Labor Code were at odds. The court found that the purpose of the city ordinance was to provide additional compensation benefits and not to take the place of the benefits awarded under the Workmen's Compensation Act. Thus, the two statutes were not in conflict. To answer the contention that the WCAB award was *res judicata* to the question and should be applied retroactively to the city's denial of an award, the court quotes from Pathe v. City of Bakersfield, 255 Cal.App.2d 409, 63 Cal. Rptr. 220, 225:

> We conclude that this contention is entirely without merit. Such a holding would be contrary to the very purpose of the doctrine, which is to bring an end to litigation . . . . Quoted 109 Cal.Rptr. at 627.

Yet, the appellate court also found it advisable to add:

> Furthermore, under the provisions of Labor Code sections 5802 to 5805, the Workmen's Compensation Appeals Board has continuing jurisdiction of its awards for five years from the date of the employee's injury. Therefore, res judicata could not be applicable during that period of time. 109 Cal.Rptr. at 627. One is cited to De Celle v. City of Almeda, 186 Cal.App. 2d 574, 9 Cal.Rptr. 549 (1st Dist., Div. 2, 1960); Edwards v. City of Chicago, 28 Cal.App.3d 148, 104 Cal.Rptr. 481 (3d Dist., 1972); and Solari v. Atlas-

Universal Service, Inc., 215 Cal.App.2d 587, 30 Cal.Rptr. 407 (1st Dist., Div. 1, 1963). In all of these cases and in those cited by the plaintiff for the proposition that the WCAB award is not a final judgment for *res judicata* purposes until after five years the court had already found on other grounds a reason why the award should not be given *res judicata* effect. The dicta which refers to the five years continuing jurisdiction does little more than point out another reason why giving the award no *res judicata* effect will be harmful, since in both cases the award could have been reopened by the Board and a more proper award made. Faced with the case at hand, this court has little doubt that a California court would treat the WCAB award as a final award for *res judicata* purposes.

What is more important, however, is that, as the *Solari* case makes clear, using a WCAB award for *res judicata* purposes and using a WCAB award for collateral estoppel purposes may be two different things.

The doctrine of res judicata has a double aspect:

(1) it precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.

(2) any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action. The latter aspect of the doctrine is known as collateral estoppel. The defense of res judicata is a complete bar to an action; the claim of collateral estoppel, on the other hand, is concerned with the conclusiveness of a prior determination of a particular issue.

■ For the most part, the cases which support the plaintiff's contention are concerned with the collateral estoppel of the second litigation of a single issue which has been decided in a previous case. Most of the defendant's cases, however, are concerned with true *res judicata*, the determination on the merits of the entire case which forecloses the second litigation of the entire case. This helps explain why the cases cited by each party do not seem reconcilable.

To this court, it is clear that although the courts of California recognize that the WCAB award can be reopened within five years of its being handed down they, nevertheless, treat the award as final for true *res judicata* purposes until such time as the case is reopened and altered. Accordingly, this court finds that the award was a final judgment on the merits.

■ The second question to be answered in determining *res judicata* under California law is whether or not the two actions were between the same parties. The plaintiff has pointed out that the WCAB proceedings began as a claim against the defendant herein, Ringling Brothers, and Continental Casualty Company but that Continental Casualty Company was ultimately held liable. Ringling Brothers was dismissed from the action several days before the award was handed down. These facts would not preclude an application of the *res judicata* doctrine, however. The plaintiff was a party to the Board proceedings. Ringling Brothers was also a party to the proceedings and was dismissed obviously because its individual appearance was unnecessary since its insurance carrier was represented and could represent Ringling Brothers before the Board. The liability of the carrier was derived from Ringling Brothers' liability. Section 3603 of the California Labor Code provides: "payment of compensation in accordance with the order and direction of the appeals board shall discharge the employer from all claims therefor." Clearly, then, Ringling Brothers and the insurance carrier were in privity with each other for the purposes of this case and the WCAB award. The defendant has, then, satisfied the identity of parties requirement for the *res judicata* doctrine.

■ The defendant must also show that there is identity of issues in the two cases. Again, we turn to the *Busick* case for the California rule:

> [W]e have defined a cause of action as "the obligation sought to be enforced" [citation omitted] and we have indicated that there is but one cause of action for one personal injury by reason of one wrongful act. . . . In the instant case, petitioner seeks redress for injuries suffered from one tortious act, the shooting incident. . . . Violation of one primary right in the instant case constitutes a single cause of action even though two mutually exclusive remedies are available.

The court in *Busick* thought it irrelevant to the identity of issues question that the pleading and proof in each of the exclusive remedies would differ. In the instant case there can be little doubt that there is an identity of issues, and the court so finds. In each case the plaintiff has sued for compensation or damages arising from her tragic fall.

■ From the foregoing, the court concludes that the doctrine of *res judicata* is applicable under California law to the instant suit and would bar in California the maintenance of a civil suit at law. Under the Full Faith and Credit Clause, the WCAB award must be given in Texas its effect in California. That award bars the instant suit.

There remains one final question. The plaintiff contends that, although *res judicata* and the Full Faith and Credit Clause may be appropriate, they are only applicable in situations in which the final decree is valid; in other words, in cases in which the court handing down the decree had the jurisdiction to do so.

The plaintiff does not challenge the jurisdiction of the WCAB over her person as indeed she could not. Professor Wright points out, "jurisdiction over the person is a waivable defect, which must be asserted by the party who would take advantage of it." Wright, Federal Courts § 7 at 17. Clearly, by filing her claim with the WCAB, plaintiff waived any challenge she might have to the WCAB's in personam jurisdiction over her. She had challenged the subject matter jurisdiction which the WCAB exercised. The range of this jurisdiction depends upon California statutory and decisional law. At various times she has made two collateral attacks on the subject matter jurisdiction. Her first challenge is to the lack of a specific finding by the WCAB that her claim fell under the statutory language of § 5305 of the Labor Code:

> The Division of Industrial Accidents, including the administrative director and the appeals board has jurisdiction over all controversies arising out of injuries suffered without the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of the injury and the contract of hire was made in this state. Any such employee or his dependents shall be entitled to the compensation of death benefits provided by this division.

From a reading of the WCAB records it is clear that there was no question of the applicability of this statute to the plaintiff's claim at the time of the compensation claim proceedings.

Her second challenge is to the finding that she was an employee under the compensation statutes. This contention was contested by the defendants at the time of the compensation award, but the WCAB found against the defendants.[1]

■ If each of these issues was determined incorrectly, then in a proper forum it could be found that the WCAB

---

1. The plaintiff has suggested that there is a profound difference between the WCAB's finding that employment exists and a finding of "jurisdictional" conditions of compensation, such as those presented by § 5803 of the Labor Code. The court is not impressed by this argument. Employment is only one of the conditions of compensation. It is most frequently litigated, but it is no different for purposes of determining the subject matter jurisdiction of the WCAB from any other condition of compensation.

had no jurisdiction and the plaintiff would be left to her common law remedies. A petition for review before the WCAB would have been an appropriate method of challenging the award, but in the instant case the plaintiff is seeking to collaterally attack the subject matter jurisdiction of the WCAB. Although a party may properly collaterally attack the in personam jurisdiction of a court rendering a judgment, a collateral attack on the subject matter jurisdiction of a court depends upon the law of the state in which the challenged judgment was rendered. In Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948), the Supreme Court said:

> This Court has also held that the doctrine of *res judicata* must be applied to questions of jurisdiction in cases arising in state courts involving the application of the full faith and credit clause where, under the law of the state in which the original judgment was rendered, such adjudications are not susceptible to collateral attack. 334 at 350, 68 S.Ct. at 1090.

This is true even if the court which renders the first judgment fails to make express findings of jurisdictional facts.

The Supreme Court in Stoll v. Gottlieb, 305 U.S. 165, 171, 59 S.Ct. 134, 137, 83 L.Ed. 104 said:

> A court does not have the power by judicial fiat, to extend its jurisdiction over matters beyond the scope of the authority granted to it by its creators. . . . Every court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter.

In Carter v. Superior Court, *supra,* a California court said:

> In acting upon the application and approving the agreement for compromise and release, the Commission impliedly and necessarily found that the injury did arise out of the employment, for otherwise it could not have

found that it had jurisdiction to make its award.

Cases cited by the plaintiff which would suggest otherwise were cases in which a direct appeal of the WCAB order had been brought.

Plaintiff has had ample opportunity to litigate the jurisdictional facts she seeks to litigate here, but she failed to do so at the proper time and in the proper forum.

The ultimate question is one of whether or not under California law a California workmen's compensation award is immune from collateral attack for lack of subject matter jurisdiction. The Supreme Court of California answered the question in 1918 in Thaxter v. Finn, 178 Cal. 270, 173 P. 163 (1918). In that case the Court held that had the case been on direct review it would have annulled the award of the Industrial Accident Commission (predecessor to the WCAB), but that in the absence of a situation in which the Commission assumed jurisdiction of an action other than one under the Workmen's Compensation statutes, such as an action for damages for libel or slander, or one for money due for goods sold and delivered, the jurisdictional findings of the Commission were immune from collateral attack.

Accordingly, the court finds that under California law the subject matter jurisdiction of the WCAB is immune from collateral attack so that under the full faith and credit clause of the United States Constitution it is immune from collateral attack in a suit in diversity in Texas.

The court finds as a matter of law that the instant case cannot be maintained in this court and for the foregoing reasons will grant the defendant's motion for summary judgment.

It is ordered, adjudged, and decreed that defendant's motion for summary judgment be, and the same is hereby granted and this case dismissed.